IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:07-cv-00491-LJO-GSA |
| Plaintiff, | ORDER DENYING THIRD-PARTY DEFENDANT R.R. STREET & CO. INC'S MOTION FOR MORE DEFINITE STATEMENT |
| vs. | |
| STEPHEN C. LYON, et al., | |
| Defendants. | (Document 58) |
| AND RELATED CROSS-ACTIONS AND THIRD-PARTY ACTIONS | |

INTRODUCTION

Third-Party Defendant R.R. Street & Co. Inc. ("Street") seeks a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) on the ground that the third-party complaints filed against Street (and other third-party defendants) by Defendants and Third-Party Plaintiffs Stephen C. Lyon, Suzanne S. Lyon, Russell R. Tonda and Diane M. Tonda (collectively the "Lyon/Tondas") are so vague or ambiguous that Street cannot reasonably be required to frame responsive pleadings. The Lyon/Tondas respond that the allegations in the third party complaint are sufficient to apprise Street of the nature of the claims against it and to enable it to respond to those claims. This Court considered Street's motion for more definite statement, the papers presented by the parties and the arguments forwarded at the December 21, 2007 hearing. For the reasons discussed below, this Court DENIES Street's

motion for more definite statement of the Lyon/Tondas third-party complaints.

## BACKGROUND

On March 28, 2007, the United States of America ("Government"), for the Environmental Protection Agency, filed a complaint to pursue Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") claims against the Estate of Shantilal Jamnadas, Stephen C. Lyon, Suzanne S. Lyon, Russell R. Tonda, and Diane M. Tonda. The Government seeks recovery of unreimbursed costs incurred related to the release or threatened release of hazardous substances at the Modesto Groundwater Superfund Site ("Site") in Modesto, California. This Site allegedly is a geographic area of groundwater contamination emanating from the vicinity of Halford's, a dry cleaning facility located in Modesto ("Halford's").

Defendants Lyon/Tondas have owned the Modesto property where Halford's is located since 1974. Between 1977 and 2002, Shantilal Jamnadas operated Halford's until his death. Rajendra Jamnadas is the personal representative of the Defendant Estate of Jamnadas.

On September 10, 2007, each of the Lyon/Tondas filed identical in form third-party complaints (hereinafter "Lyon/Tondas complaint"). The Lyon/Tondas complaint pursues causes of action for CERCLA and state law contribution, equitable indemnity and declaratory relief. The Lyon/Tondas name 22 third-party defendants, including five "Chlorinated Solvent Manufacturers," four "Solvent and Equipment Distributors" of which Street is one, two "Chlorinated Solvent Equipment Manufacturers," three "Owners or Operators of Halford's," and six "Owners or Operators of Sites Adjacent or Near to Halford's."

The Lyon/Tondas allege that Street and the other solvent and equipment distributors:

(1) "purchased and then resold chlorinated solvents" to Halford's;

(2) "distributed, designed, assembled, maintained, controlled, operated and/or repaired equipment parts, replacement parts, and appurtenances, including, but not limited to, dry cleaning equipment in the State of California specifically designed for the use, application and disposal of chlorinated solvents by Halford's";

      (3) "would engage in service visits and inspections on the premises of Halford's, including the dry cleaning equipment products and testing and inspecting Halford's dry cleaner equipment which included witnessing Halford's disposal of chlorinated solvents";

      (4) "were legally responsible for and committed each of the tortious and wrongful acts alleged in the Third-Party Claims"; and

      (5) "in doing the tortious and wrongful acts alleged in the Third-Party Claims, acted in the capacity of co-conspirator, aider, abettor, joint venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter ego, licensee, licensor, patent holder and/or indemnitor of each of the remaining named Third-Party Defendants."

On November 13, 2007, Street filed the present motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). In support of its motion, Street argues that (1) the Lyon/Tondas complaint fails to identify the theory of CERCLA liability; (2) the factual allegations in the Lyon/Tondas complaint are unreasonably vague and ambiguous; and (3) the Lyon/Tondas complaint does not provide Street with fair notice of the claims asserted against it.

On December 4, 2007, the Lyon/Tondas filed a response to the motion arguing that (1) a motion for more definite statement should be granted only where a pleading is so uncertain that a party cannot respond to it; and (2) Street's motion does not meet the high standard for granting a motion for more definite statement. The Lyon/Tondas assert that their complaints are sufficient to apprise Street of the claims against it and to enable it to respond to the those claims.

**DISCUSSION**

1.    <u>Legal Standard</u>

A party may move for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) where the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Such a motion is "only proper when a party is unable to determine how to frame a response to the issues raised by the complaint." *Neveu v. City of Fresno*, 392 F.Supp.2d 1159, 1169 (E.D. Cal. 2005); *see also Famolare, Inc. v. Edison Brothers Stores, Inc.*, 525 F.Supp. 940, 949 ("motion for more definite statement should not be granted unless the defendant cannot

-3-

frame a responsive pleading"); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996) (motion for a more definite statement "should not be granted unless the defendant literally cannot frame a responsive pleading").

A motion for a more definite statement must be considered in light of the liberal pleading standards of Rule 8(a), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a); *Bureerong*, 922 F.Supp. at 1461. Denial of the motion is appropriate "where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Neveu*, 392 F.Supp. at 1169; *Bureerong,* 922 F.Supp. at 1461. Due to the liberal pleading standards and the availability of extensive discovery in federal court, the "availability of a motion for a more definite statement has been substantially restricted." *Famolare*, 525 F.Supp. at 949. Indeed, a motion should be denied "where the information sought by the moving party is available and/or properly sought through discovery." *Id.*

2. <u>Analysis</u>

Street primarily objects to the wording of two paragraphs of the Lyon/Tondas complaint; to wit, Street challenges the intelligibility of paragraphs 14 and 41. Paragraph 14 provides preliminary background information regarding the third-party defendants and paragraph 41 is contained within the first claim for CERCLA contribution.

    a.    Theory of CERCLA liability

Street asserts that the Lyon/Tondas complaint is unintelligible in several respects. First, Street contends that the complaint does not identify the theory of CERCLA liability. Specifically, Street cites paragraph 41 of the complaint, which provides as follows:

> If the allegations in Plaintiff's Complaint are true, then Third-Party Defendants, and each of them, were owners or operators, or generators, or transporters, as defined in § 107(a) of CERCLA (42 U.S.C. § 9607), at the time hazardous substances were disposed of on the Site and/or arranged for disposal of hazardous substances, accepted hazardous substances for transport and disposal or transported hazardous substances at the Facility.

Street argues that the complaint does not identify whether Street was an "owner," "operator," "generator," "transporter," "arrange[r]," some combination thereof, or all of the above for purposes of CERCLA liability. Street urges that without this basic information, Street cannot

understand the "nature" of the claims against it.

A motion for a more definite statement "attacks the unintelligibility of the complaint, not simply the mere lack of detail." *Neveu*, 392 F.Supp.2d at 1169. A court will "deny the motion where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id*. This is not a situation where the complaint is unintelligible regarding the substance of the claim being asserted. It is clear from Street's papers that it understands the Lyon/Tondas complaint to contain a claim for CERCLA liability against Street.

Under CERCLA, federal and state governments may initiate cleanup of toxic areas and sue potentially responsible parties for reimbursement. *United States. v. Burlington Northern & Santa Fe Ry. Co.*, 502 F.3d 781 (9th Cir. 2007). 42 U.S.C. § 9607(a) identifies the following as "covered persons" subject to CERCLA contribution claims:

> (1) the **owner and operator** of a ... facility,
>
> (2) any person who at the time of disposal of any hazardous substance **owned or operated any facility** at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise **arranged for disposal or treatment**, or **arranged** with a transporter **for transport for disposal or treatment**, of hazardous substances owned or possessed by such person, by any other party or entity at any facility ...owned or operated by another party or entity and containing such hazardous substances ["arrangers"], and
>
> (4) any person who **accepts or accepted** any hazardous substances **for transport** to disposal or treatment facilities...or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance ["transporters"]....
> (Emphasis added.)

To establish a prima facie contribution case against Street, the Lyon/Tondas must allege and prove that Street "is within one of the four classes of persons subject to CERCLA's liability provisions." *California Dept. Of Toxic Substances Control v. Payless Cleaners*, 368 F.Supp.2d 1069, 1076 (E.D. Cal. 2005). Here, the Lyon/Tondas have alleged in the conjunctive and alternative that Street falls within one or more of the four classes of persons subject to CERCLA liability. While the complaint may not be artful, it provides Street with sufficient notice of the claim against it.

b.    Factual Allegations

Street also asserts that the factual allegations against it are vague and ambiguous and fail to provide Street with any reasonable notice of the claim(s) asserted against it. In so arguing, Street cites a portion of paragraph 14 of the complaint. Paragraph 14, in relevant part, provides that Street and other solvent and equipment distributors:

> distributed, designed, assembled, maintained, controlled, operated and/or repaired equipment parts, replacement parts, and appurtenances, including, but not limited to, dry cleaning equipment in the State of California specifically designed for the use, application and disposal of chlorinated solvents by Halford's....

Street contends that because the Lyon/Tondas complaint lumps Street with three other defendants and separates key verbs with the term "and/or", Street has no idea if it allegedly "distributed," "designed," "assembled," "maintained," "controlled," "operated," or "repaired" things; or engaged in some combination of; or engaged in all of them. Street claims that courts will grant Rule 12(e) motions in this circumstance, citing *Veltmann v. Walpole Pharmacy, Inc,*, 928 F.Supp. 1161, 1164 (M.D. Fla 1996) and *Gleichauf v. Ginsberg*, 859 F.Supp. 229, 233 (S.D. W.Va. 1994) for the proposition that the complaint must separate each alleged act by each defendant into individually numbered paragraphs.

While *Veltmann* and *Gleichauf* are not controlling in this District, they also appear distinguishable from the present case. Both *Veltmann* and *Gleichauf* involved severely deficient complaints. In *Veltmann*, the court could distinguish only one clear legal basis upon which the plaintiffs were proceeding, stating it was "unclear exactly the claims asserted by Counts II and III, but by the most liberal interpretations...there are potentially claims for negligence, medical malpractice, fraud, malicious prosecution, false imprisonment and negligent infliction of emotional distress." *Id*. at 1165. Here, the four claims being asserted by the Lyon/Tondas are clear: CERCLA and state law contribution, equitable indemnity and declaratory relief.

Additionally, in the *Veltmann* complaint there were factual allegations "scattered throughout the complaint without a clear indication as to which defendant or defendants [were] responsible for any particular wrong." *Id*. at 1163. That the Lyon/Tondas "lump"

1  Street with other solvent and equipment distributors does not demonstrate that they have
2  failed to indicate which defendant was responsible for a particular wrong in Paragraph 14.
3  The complaint specifically alleges that Street (1) purchased and resold chlorinated solvents,
4  (2) conducted service visits, testing and inspections of Halford's dry cleaning equipment; and
5  (3) witnessed disposal of hazardous substances.  Complaint at ¶14.  In addition, the
6  Lyon/Tondas allege that Street distributed, designed, assembled, maintained, controlled,
7  operated and/or repaired dry cleaning equipment and parts specifically designed for the use
8  and disposal of those solvents by Halford's. *Id.*  The use of "and/or" does not demonstrate
9  that Street has insufficient notice of the Lyon/Tondas CERCLA claim. *See*, *e.g.*, *Ramos Oil*
10 *Recyclers, Inc. v. AWIM, Inc.*, 2007 WL 2345014 at *1, 4 (E.D. Cal. August 15, 2007)
11 (denying motion for more definite statement where there was no showing that the moving
12 party had insufficient notice of the claim at issue).
13         *Gleichauf* also is distinguishable from the present matter. In *Gleichauf*, the plaintiffs
14 filed their complaint framed in motion form with an attached document styled as a "draft
15 complaint." *Gleichauf*, 859 F.Supp. at 230.  The defendants sought a more definite statement
16 and contended that the complaint was defective because, among other things, it did not
17 clearly state the *names* of the defendants and did not clearly state the *specific acts* of the
18 specific defendants. *Id.* at 233 (emphasis added).  The Court agreed and found that the
19 document on file was "only a mere adumbration of a complaint." *Id.*  Here, the Lyon/Tondas
20 did not submit a "draft complaint" that was stylized as a motion.  In addition, unlike the
21 complaint at issue in *Gleichauf*, the Lyon/Tondas clearly named each defendant to the
22 litigation and attributed specific conduct to them, including Street.  As noted, the
23 Lyon/Tondas alleged, among other things, that Street purchased and resold chlorinated
24 solvents, conducted service visits, testing and inspections of Halford's dry cleaning
25 equipment; and witnessed disposal of hazardous substances.
26         Next, Street argues that paragraph 14 of the Lyon/Tondas complaint is problematic
27 because "some of the many potential interpretations of those allegations do not even give rise
28 to CERCLA liability." Motion for More Definite Statement at p.6.  It is unclear why Street

objects on this basis as the potential interpretations arguably could preclude Street's liability. Additionally, Street's ability to ascertain potential liability (and cite a laundry list of cases in support) suggests that it understands the claims against it, and, thus, the complaint and paragraph at issue are not "unintelligible."[1]

Street also asserts that the complaint's vagueness will compel Street to forego its right to file a Rule 12(b)(6) motion for failure to state a claim. As the complaint is not unintelligible, this assertion is without merit. It should be noted that at least one other third-party defendant found the complaint amenable to the filing of a Rule 12(b)(6) motion.

In addition, Street's reply suggests that the Lyon/Tondas do not address the Ninth Circuit's decision in *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). Street quotes *McHenry* as follows:

> even though a complaint is not defective for failure to designate the statute or other provision of law violated, the judge may in his discretion, in response to a motion for more definite statement under [Rule] 12(e), require such detail as may be appropriate in the particular case.

*Id*. at 1179. While this is a correct reading of *McHenry*, the language is discretionary, not mandatory. Further, the complaint at issue in *McHenry* is distinguishable. In *McHenry*, the district judge dismissed the complaint under Federal Rules of Civil Procedure 8, 12 and 41 because it did not contain a short and plain statement of the claims for relief, did not give defendants a fair opportunity to frame a responsive pleading and did not give the court a clear statement of claims. Plaintiff had been given three opportunities to amend the complaint, but the third amended complaint restated the prior ones without curing the deficiencies. The court characterized the complaint as "narrative ramblings" and "storytelling or political griping." *Id*. at 1176. It was not in "the traditional pleading style which prescribes a short and plain statement," and it did not provide defendants notice of what legal claims are asserted against which defendants. *Id*. This is not true in the present case as the Lyon/Tondas complaint was not narrative rambling or storytelling. As previously discussed,

---

[1] Tellingly, a similarly situated solvent and equipment distributor filed an answer to the Lyon/Tondas complaint on November 13, 2007, and was able to fashion a response to Paragraph 14.

Street is on notice of the legal claims asserted by the Lyon/Tondas against it.

        c.        Liability for Acts of Co-Defendants

Finally, Street objects to the conclusion in the Lyon/Tondas complaint that it is liable for every act alleged in the complaint. Street contends that paragraph 14 of the Lyon/Tondas complaint alleges that Street operated in as many as nineteen different capacities:

> MBL, RR Street, Goss Jewett, and Echco, and each of them:...(4) were legally responsible for and committed each of the tortious and wrongful acts alleged in the Third-Party Claims; and (5) in doing the tortious and wrongful acts alleged in the Third-Party Claims, acted in the capacity of co-conspirator, aider, abettor, joint venturer, partner, agent, principal, successor-in-interest, surviving corporation, fraudulent transferee, fraudulent transferor, controller, alter ego, licensee, licensor, patent holder and/or indemnitor of each of the remaining named Third-Party Defendants.

Street argues that many of the capacities are inconsistent, the possible interpretations would require significant resources to research, and lumps together all of the persons or companies with whom Street allegedly acted into a single category, which render the complaint unintelligible.

In connection with subsection (4) of paragraph 14, and as the Lyon/Tondas point out, this court has addressed a similar allegation in *City of Merced v. Fields*, 997 F.Supp. 1326, 1335 (E.D. Cal. 1998). There, a city sued other potentially responsible parties for CERCLA contribution. It was argued that the dry cleaner's complaint failed to set forth sufficient facts to demonstrate entitlement to relief under Federal Rule of Civil Procedure 8(a). The complaint alleged that "each of the Roe cross defendants is in some manner responsible for the injuries and actions alleged herein." *Id.* at 1335. The Court determined that a CERCLA complaint "need not allege the particular manner in which a release of hazardous materials has occurred in order to make out a prima-facie claim under section 107(a) of CERCLA." *Id*. Thus, the Court held that the dry cleaner's complaint "sufficiently pleads a CERCLA cause of action." *Id*. Based on the reasoning in *City of Merced*, subsection (4) of the Lyon/Tondas complaint is sufficient to withstand a motion for more definite statement. Street's remaining arguments regarding the capacities set forth in subsection (5) of paragraph 14 appear to be factual details of the complaint that can be resolved through discovery.

Based on the foregoing, Street has failed to demonstrate that the complaint is

1  unintelligible, that Street does not have sufficient notice of the claims against it or that Street
2  literally cannot frame a responsive pleading. To the extent that the complaint does not
3  contain all of the detailed factual allegations that Street desires, those details may be obtained
4  through the discovery process.

## CONCLUSION AND ORDER

6  For the reasons discussed above, this Court DENIES Street's Fed.R.Civ.P. 12(e)
7  motion for more definite statement of the third-party complaint filed by defendants and third-
8  party plaintiffs Stephen C. Lyon, Suzanne S. Lyon, Russell R. Tonda and Diane M. Tonda.

10 .

12  IT IS SO ORDERED.
13  **Dated:    December 28, 2007**                    **/s/ Gary S. Austin**
14                                                     UNITED STATES MAGISTRATE JUDGE