1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:07-cv-00491 LJO GSA |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION FOR LEAVE |
| | ) | TO FILE AMENDED JOINT THIRD-PARTY |
| v. | ) | COMPLAINT |
| | ) | |
| STEPHEN C. LYON, et al., | ) | (Document 166) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| AND RELATED CROSS-ACTIONS AND | ) | |
| THIRD-PARTY ACTIONS | ) | |
| | ) | |

17

18

19

20

21

22

23

        Defendants, Cross-Complainants and Cross-Defendants Stephen C. Lyon, Suzanne S.

Lyon, Russell R. Tonda and Diane M. Tonda ("Third-Party Plaintiffs") filed the instant Motion

for Leave of Court to File Amended Joint Third Party Complaint on February 8, 2008.

(Document 166.)  Multiple third-party defendants filed statements of non-opposition to the

motion.  No opposition to the motion has been filed.  Accordingly, the Honorable Gary S. Austin,

United States Magistrate Judge, took the matter under submission pursuant to Local Rule 78-

230(h).

24

### FACTUAL AND PROCEDURAL BACKGROUND

25

26

27

28

        On March 28, 2007, the United States of America, for the Environmental Protection

Agency, filed a complaint to pursue Comprehensive Environmental Response, Compensation,

and Liability Act ("CERCLA") claims against Third-Party Plaintiffs and the Estate of Shantilal

Jamnadas.  The complaint seeks recovery of unreimbursed costs incurred related to the release or

1   threatened release of hazardous substances at the Modesto Groundwater Superfund Site ("Site")

2   in Modesto, California.  This Site allegedly is a geographic area of groundwater contamination

3   emanating from the vicinity of Halford's, a dry cleaning facility located in Modesto, California

4   ("Halford's").

5          Third-Party Plaintiffs have owned the Modesto property where Halford's is located since

6   1974.  Between 1977 and 2002, Shantilal Jamnadas operated Halford's until his death.  Rajendra

7   Jamnadas is the personal representative of the Defendant Estate of Jamnadas.

8          On August 16, 2007, Third-Party Plaintiffs sought leave of court to file third-party

9   complaints.  On September 10, 2007, the court granted Third-Party Plaintiffs' motion to file

10  third-party complaints.  On that same date, each of the Third-Party Plaintiffs filed identical in

11  form third-party complaints ("TPCs") pursuing causes of action for CERCLA and state law

12  contribution, equitable indemnity and declaratory relief.  Third-Party Plaintiffs named 22 third-

13  party defendants, including five "Chlorinated Solvent Manufacturers," four "Solvent and

14  Equipment Distributors", two "Chlorinated Solvent Equipment Manufacturers," three "Owners

15  or Operators of Halford's," and six "Owners or Operators of Sites Adjacent or Near to

16  Halford's."

17         On November 13, 2007, third-party defendant R.R. Street & Co. filed a motion for more

18  definite statement pursuant to Federal Rule of Civil Procedure 12(e) regarding the TPCs filed by

19  Third-Party Plaintiffs.  Third-Party Plaintiffs opposed the motion.  On December 28, 2007, the

20  court denied the motion for more definite statement.

21         On November 13, 2007, third-party defendant Echco Sales Co., Inc. (sued as Echco Sales

22  and Equipment Co., Inc.) filed answers to the TPCs.  On November 14, 2007, third-party

23  defendant PPG Industries, Inc. filed answers to the TPCs.  On November 19, 2007, third-party

24  defendant Occidental Chemical Corporation filed answers to the TPCs.

25         On November 19, 2007, third-party defendant Vulcan Materials Company (now Legacy

26  Vulcan Corp. hereinafter identified as "Legacy Vulcan") filed a motion to dismiss the TPCs.

27  Third-Party Plaintiffs opposed the motion.  On December 14, 2007, the court denied Legacy

28  Vulcan's dismissal of the TPCs' arranger liability and derivative claims pursuant to Title 42 of

1   the United States Code, section 9607(a)(3), and limited the Third-Party Plaintiffs to pursuing

2   only section 9607(a)(3) arranger and derivative claims against Legacy Vulcan.

3            On December 7, 2007, third-party defendant Cooper Industries LLC, as successor-in-

4   interest to McGraw-Edison Company (sued as American Laundry Machinery, Inc. dba Ajax

5   Manufacturing Division & Martin Equipment & McGraw Edison Company, as Successor to

6   Cooper Industries), filed answers to the TPCs.

7            On January 17, 2008, Legacy Vulcan filed answers to the TPCs.

8            On January 28, 2008, third-party defendant M.B.L. Inc. filed answers to the TPCs.

9            On January 31, 2008, third-party defendant Goss Jewett Co. Of Northern California

10  ("Goss Jewett") filed a motion to dismiss the TPCs to the extent they seek CERCLA relief

11  against Goss Jewett as an owner and operator or transporter pursuant to 42 U.S.C. §§ 9607(a)(1),

12  (a)(2) and (a)(4).  Third-Party Plaintiffs filed an opposition to the motion, indicating that the joint

13  amended third party complaint proposed in their instant motion removes the owner and operator

14  allegations against Goss Jewett.  However, Third-Party Plaintiffs challenge dismissal of the

15  transporter allegations.  Goss Jewett's motion to dismiss currently is pending before the

16  Honorable Lawrence J. O'Neill.

17           On February 6, 2008, third-party defendant R.R. Street & Co. filed answers to the TPCs.

18           On February 8, 2008, Third-Party Plaintiffs filed this Motion for Leave of Court to File

19  Amended Joint Third Party Complaint pursuant to Federal Rule of Civil Procedure 15.

20  According to Third-Party Plaintiffs, this motion seeks:

21       1.      To name two additional third-party defendants--the City of Modesto and Rajendra

22               Jamnadas as an individual (he has already been named as a representative of his

23               father's estate);

24       2.      To remove a third-party defendant--Dupont De Nemours and Company

25               ("Dupont");

26       3.      To conform the TPCs to the court's December 14, 2007 order denying the motion

27               to dismiss brought by third-party defendant Legacy Vulcan; and,

28

3

1    4.    To make some minor corrections to other portions of the TPCs and combine them

2    into one amended joint third party complaint.

3    On February 19, 2008, third-party defendant The Dow Chemical Company filed answers

4  to the TPCs.

5    On February 26, 2008, third-party defendant R.R. Street & Co. filed an amended answer

6  to the TPCs, which included the assertion of a cross-claim against Legacy Vulcan.

7    On February 26, 2008, the following parties filed Statements of Non-Opposition to the

8  instant motion:

9    1.    Rajendra Jamnadas, as personal representative of the Estate of Shantilal
          Jamnadas; Rajendra Jamnadas objected to being named individually, but did not
10         oppose the motion for leave to amend;

11   2.    Occidental Chemical Corporation;

12   3.    Legacy Vulcan Corp., formerly known as Vulcan Materials Company;

13   4.    PPG Industries, Inc.;

14   5.    The Dow Chemical Company; and,

15   6.    R.R. Street & Co. Inc.

16   On March 7, 2008, third-party defendant Bowe Permac, Inc. filed a Statement of Non-

17  Opposition to the instant motion.  On March 10, 2008, third-party defendant Echco Sales Co., Inc

18  also filed a Statement of Non-Opposition to the motion.  No opposition to the motion was filed.

19                                **LEGAL STANDARD**

20   Federal Rule of Civil Procedure Rule 15(a) provides that the court "should freely give

21  leave [to amend] when justice so requires."  The United States Supreme Court has stated:

22       [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or
         dilatory motive on the part of the movant, repeated failure to cure deficiencies by
23       amendments previously allowed, undue prejudice to the opposing party by virtue of
         allowance of the amendment, futility of amendment, etc. – the leave sought should, as the
24       rules require, be "freely given."

25  Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to

26  include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4)

27  futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir.

28  1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.

1   Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy

2   favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is

3   futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

4                                                      **ANALYSIS**

5   A.       Addition of Two Third-Party Defendants

6            Third-Party Plaintiffs request to amend their complaints to add two additional third-party

7   defendants--the City of Modesto and Rajendra Jamnadas as an individual.  Third-Party Plaintiffs

8   assert that the proposed Amended Joint Third Party Complaint would allege against the

9   additional third party defendants the same claims under the same legal theories as alleged in their

10  original complaint.

11           In connection with the City of Modesto, Third-Party Plaintiffs explain that they originally

12  did not name the City of Modesto because they had not filed an administrative claim against the

13  City pursuant to the California Government Code.  Third-Party Plaintiffs now indicate they have

14  filed their claim against the City, which purportedly has been rejected.

15           In connection with Rajendra Jamnadas, Third-Party Plaintiffs seek to allege that Rajendra

16  Jamnadas was personally involved in the day-to-day management and dry cleaning operations at

17  Halford's during the time his father, Shantilal Jamnadas, was the owner of Halford's.  Rajendra

18  Jamnadas, as the representative of the Estate of Shantilal Jamnadas, is aware of the allegations in

19  the TPCs.  As the representative of the Estate of Shantilal Jamnadas, Rajendra Jamnadas has

20  objected to being named individually as a third-party defendant, arguing that Third-Party

21  Plaintiffs cannot state a cause of action for contribution against Rajendra Jamnadas as an

22  "operator" under CERCLA.  Despite asserting substantive objections, Estate of Jamnadas does

23  not oppose the motion for leave to amend.

24           Third-party defendants appearing in this action have not opposed these amendments.  In

25  the absence of any apparent (1) undue delay; (2) bad faith; (3) prejudice; or (4) futility of

26  amendment, Third-Party Plaintiffs' motion to amend to add the City of Modesto and Rajendra

27  Jamnadas as third-party defendants is GRANTED.

28

1  B.      Removal of Third-Party Defendant Dupont De Numbers and Company ("Dupont")

2           Third-Party Plaintiffs next request to amend their complaints to remove Dupont as a

3  third-party defendant because Third-Party Plaintiffs and Dupont have entered into a tolling

4  agreement.  Third-party defendants appearing in this action have not opposed this amendment

5  and there is no appearance of undue delay, bad faith, prejudice or futility.  Accordingly, Third-

6  Party Plaintiffs' motion to amend to remove Dupont as a third-party defendant is GRANTED.

7  C.      Clarification of Claims Against Third-Party Defendants

8           Third-Party Plaintiffs seek an amendment to clarify their claims against Legacy Vulcan

9  and the other Third-Party Defendants.  Third-Party Plaintiffs base the "clarification" of claims

10 against Legacy Vulcan on the court's December 14, 2007 order, which limited the basis for

11 CERCLA liability that Third-Party Plaintiffs could assert against Legacy Vulcan.  Legacy Vulcan

12 filed a statement of non-opposition to the proposed amendments by Third-Party Plaintiffs.  Based

13 on the statement of non-opposition and the apparent absence of undue delay, bad faith, prejudice

14 or futility, Third-Party Plaintiffs' request to amend the TPCs to conform with the court's

15 December 14, 2007 order regarding claims against Legacy Vulcan is hereby GRANTED.

16          Third-Party Plaintiffs also seek to clarify their claims against the remaining Third-Party

17 Defendants.  There has been no opposition filed to this proposed amendment, and multiple third-

18 party defendants have filed statements of non-opposition to the proposed amendments.  Based on

19 the statements of non-opposition and the lack of apparent undue delay, bad faith, prejudice or

20 futility, Third-Party Plaintiffs' request to clarify their claims against the other Third-Party

21 Defendants is GRANTED.

22 D.      Making Minor Corrections to the Third-Party Complaints and Combining Them Into One
          Joint Third Party Complaint

23
            By this amendment, Third-Party Plaintiffs seek to make minor changes to the TPCs,
24
   which include changes to the caption, correcting the names of third-party defendants, adding
25
   descriptions of two third-party defendants (who have not appeared in the action), and adding the
26
   same two third-party defendants to the list of solvent and equipment distributors.  Third-Party
27
   Plaintiffs also seek to combine the TPCs into a single joint third party complaint.
28

6

1    As with the other amendments involved in the present motion, these proposed

2  amendments are unopposed.  Based on the lack of opposition and the absence of any apparent (1)

3  undue delay; (2) bad faith; (3) prejudice; or (4) futility of amendment, Third-Party Plaintiffs'

4  request to amend the complaint to make minor changes to the TPCs, as outlined in Appendix A

5  to their Motion for Leave of Court to File Amended Joint Third Party Complaint, is GRANTED.

6  Third-Party Plaintiffs' further request to combine the TPCs into a single joint third party

7  complaint also is GRANTED.

8                                                    ORDER

9         For the above reasons, Third-Party Plaintiffs' Motion for Leave of Court to File Amended

10 Joint Third Party Complaint is GRANTED.  Third-Party Plaintiffs' SHALL file an Amended

11 Joint Third Party Complaint in compliance with this order within ten (10) days of the date of

12 service of this order.

13

14

15    IT IS SO ORDERED.

16   **Dated:    March 11, 2008**            **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28