1

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9    UNITED STATES OF AMERICA,                    CASE NO. CV F 07-0491 LJO GSA

10                        Plaintiff,        _____ **ORDER ON THIRD-PARTY DEFENDANT**
                                            **GOSS-JEWETT'S MOTION TO DISMISS**
11        vs.                               **JAMNADAS' AMENDED THIRD PARTY**
                                            **COMPLAINT** (Docs. 155)
12   STEPHEN C. LYON, et al.,

13                        Defendants.
14   _____/

15   AND RELATED CROSS-ACTIONS AND
     THIRD-PARTY ACTIONS.
16
     _____/
17

18                              **INTRODUCTION**

19          Third-party defendant Goss-Jewett Company of Northern California ("Goss-Jewett") moves to

20   dismiss a claim for hazardous substances clean-up contribution in the amended third party complaint

21   of defendant and third-party plaintiff Rajendra Jamnadas ("Mr. Jamnadas"), personal representative of

22   the estate of Shantilal Jamnadas.  Goss-Jewett contends that it is not a responsible party subject to

23   transporter liability under the Comprehensive Environmental Response Compensation and Liability Act

24   ("CERCLA"), 42 U.S.C. §9607(a)(4).  Mr Jamnadas opposed the motion.  This Court considered Goss-

25   Jewett's Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") motion to dismiss on the record, including the

26   moving and opposition papers, and vacated the March 14, 2008 hearing pursuant to Local Rule 78-

27   230(h).  For the reasons discussed below, this Court GRANTS in part Goss-Jewett's motion to dismiss

28   Mr. Jamnadas' amended third party complaint (Doc. 155), with leave to amend.

                                              1

1

**BACKGROUND**

2

**Environmental Contamination Claims**

3       Goss-Jewett is a solvent and/or equipment distributor and is headquartered in California.  Goss-

4   Jewett purchased and then resold perchloroethylene ("PCE"), a chlorinated solvent which is commonly

5   used in dry cleaning, to Halford's, a dry cleaning facility.  Since 1974, the Lyon/Tondas[1] owned the

6   Modesto property where Halford's is located.  Mr. Jamnadas is the personal representative of an estate

7   of a decedent who operated Halford's during 1977-2002.

8       The United States of America ("Government"), for the Environmental Protection Agency,

9   initiated this action in March 2007 to pursue CERCLA claims against the Lyon/Tondas and Mr.

10  Jamnadas.  The Government seeks past and future costs to investigate and remediate PCE contamination

11  from Halford's facility, including groundwater contamination.

12      Mr. Jamnadas filed his amended third party complaint on December 28, 2007.  Goss-Jewett

13  characterizes the relief sought by Mr. Jamnadas as contribution toward relief sought by the Government.

14  Mr. Jamnadas names more than twenty third-party defendants, classified as: (1)"Chlorinated Solvent

15  Manufacturers;" (2) "Solvent and Equipment Distributors," including Goss-Jewett;  (3) "Chlorinated

16  Solvent Equipment Manufacturers;" (4) "Owners or Operators of Halford's;" and (5) "Owners or

17  Operators of Sites Adjacent or Near to Halford's."

18      Mr. Jamnadas alleges that Goss-Jewett and the other solvent and equipment distributor third-

19  party defendants: (1) "purchased and then resold" PCE to Halford's; (2) "distributed...dry cleaning

20  equipment...specifically designed for the use, application and disposal of [PCE] by Halford's;" (3)

21  "would engage in service visits and inspections on the premises of Halford's...which included witnessing

22  Halford's disposal of [PCE];" and (4) "were legally responsible for and committed each of the tortious

23  and wrongful acts alleged in the Third Party Claims."  Mr. Jamnadas alleges that the solvent and

24  equipment distributor third-party defendants, including Goss-Jewett, are liable as "arrangers and/or

25  transporters as described in CERCLA."

26  ///

27  _____

28      [1]Defendants and third-party plaintiffs Stephen C. Lyon, Suzanne S. Lyon, Russell R. Tonda and Diane M. Tonda
(collectively the "Lyon/Tondas") also seek to impose CERLCA contribution costs on Goss-Jewett.

**DISCUSSION**

**Rule 12(b)(6) Motion To Dismiss Standards**

Goss-Jewett seeks to dismiss Mr. Jamnadas' CERCLA contribution cause of action on grounds that Mr. Jamnadas failed to allege that Goss-Jewett is a transporter subject to CERCLA liability.

A Rule 12(b)(6) motion to dismiss is a challenge to the sufficiency of the pleadings set forth in the complaint. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995)

In resolving a Rule 12(b)(6) motion, the court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  "However, conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

With these standards in mind, this Court turns to the merits of Goss-Jewett's motion to dismiss.

**Responsible CERCLA Parties**

CERCLA was enacted in 1980 to provide effective responses to health and environmental threats posed by hazardous waste sites. *United States v. Burlington Northern & Santa Fe Ry. Co.*, 502 F.3d 781, 792 (9th Cir. 2007).  Under CERCLA, federal and state governments may initiate cleanup of toxic areas and sue potentially responsible parties for reimbursement. *Burlington Northern*, 502 F.3d at 792.  A key CERCLA purpose is to shift "the cost of cleaning up environmental harm from the taxpayers to the parties who benefitted from the disposal of the wastes that caused the harm." *EPA v. Sequa Corp. (In the Matter of Bell Petroleum Servs., Inc.)*, 3 F.3d 889, 897 (5th Cir. 1993).  CERCLA is a "super-strict"

3

liability statute. *Burlington Northern*, 502 F.3d at 792. "[L]iability is joint and several when the harm

is indivisible." *Burlington Northern*, 502 F.3d at 793.

42 U.S.C. § 9607(a)[2] identifies the following as "covered persons" subject to CERCLA

contribution claims:

(1) the **owner and operator** of . . . a facility,

(2) any person who at the time of disposal of any hazardous substance **owned or operated any facility** at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise **arranged for disposal or treatment**, or **arranged** with a transporter **for transport for disposal or treatment**, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility . . . owned or operated by another party or entity and containing such hazardous substances ["arrangers"], and

(4) any person who **accepts or accepted** any hazardous substances **for transport to disposal** or treatment **facilities** . . . or **sites selected by such person**, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance ["transporters"] . . .  (Bold added.)

## CERCLA Transporter Liability

Goss-Jewett moves to dismiss Mr. Jamnadas' amended third party complaint to the extent that

it seeks relief under a theory of transporter liability pursuant to Section 9607(a)(4).

To establish a prima facie case of CERCLA transporter liability, "a plaintiff must first have made

a showing that a defendant transporter actually brought hazardous substances to the site, whether

knowingly or not." *Prisco v. A & D Carting Corp.*, 168 F.3d 593, 604 (2nd Cir. 1999).  In addition, "a

person is liable as a transporter not only if it ultimately selects the disposal facility, but also when it

actively participates in the disposal decision to the extent of having had substantial input into which

facility was ultimately chosen." *Tippins Inc. v. USX Corp.*, 37 F.3d 87, 94 (3rd Cir. 1994).  Thus,

liability as a transporter is established if it is alleged that the party accepted hazardous substances for

transport, and either selected the disposal facility or had substantial input into deciding where hazardous

substance should be disposed.  *United States v. USX Corp.*, 68 F.3d 811, 820 (3rd Cir. 1995).

Accordingly, to state a claim for CERCLA transporter liability, Mr. Jamnadas must allege: (1) Goss-

Jewett transported (or accepted for transport) PCE to Halford's ("transportation element") and (2) took

---

[2]  Unless otherwise noted, all further statutory references will be to CERCLA, United State Code, Title 42.

part in the process of selecting Halford's as facility for disposal, or, had substantial input into selecting

where the PCE should be disposed ("selection element"). *Id.; see also*, *Ascon Properties, Inc. v. Mobil*

*Oil Co.*, 866 F.2d 1149, 1153 (9th Cir. 1989).

Goss-Jewett argues that Mr. Jamnadas pleaded no facts to satisfy the transportation element of

the CERCLA transporter liability claim. Goss-Jewett points out that Mr. Jamnadas' amended third party

complaint contains no allegations that it transported PCE waste or "accepted" PCE waste for transport.

Mr. Jamnadas counters that he pleaded the transportation element indirectly, in that he alleged that Goss-

Jewett, as a PCE distributor, "resold chlorinated solvents," a hazardous substance, "to Halford

Cleaner's," the site of the alleged disposal. Amended Third Party Complaint, ¶13.  Mr. Jamnadas argues

that the allegation that Goss-Jewett "resold" PCE to Halford's implies that Goss-Jewett "transported"

PCE to Halford's.  Construed in a light most favorable to Mr. Jamnadas, this Court finds that the

allegations, combined with the suggested inferences, are adequate to support the transportation element

of Mr. Jamnadas' claim.

Critically, Mr. Jamnadas alleges no facts to support the selection element of this claim.  For

CERCLA liability to attach, "a transporter must actively participate in the selection decision or have

substantial input in that decision." *Am. Cyanamid Co. v. Capuano*, 381 F.3d 6, 22 (1st Cir. 2005).  Goss-

Jewett asserts that Mr. Jamnadas fails to allege that Goss-Jewett transported waste to a disposal or

treatment facility "of their choosing."  In his amended third party complaint, Mr. Jamnadas alleged that

Goss-Jewett "witnessed" waste disposal at Halford's.  Mr. Jamnadas argues this allegation indicates that

Goss-Jewett's "took part in" and "had input in" PCE disposal at Halford's.  Even in a light most

favorable to Mr. Jamnadas, an allegation that Goss-Jewett witnessed PCE disposal is insufficient to

satisfy the selection element of the CERCLA transporter liability claim.  In a motion to dismiss, it is not

"proper to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have

violated the...laws in ways that have not been alleged." *Assoc. Gen. Contractors of Cal., Inc. v. Cal.*

*State Council of Carpenters*, 459 U.S. 519, 526 (1983).  In the absence of facts alleged to support the

selection element, Mr. Jamnadas fails to state a claim against Goss-Jewett pursuant to Section 9607(a)(4)

of CERCLA.

///

5

**Leave to Amend**

Mr. Jamnadas requests leave to amend his amended third party complaint. Fed. R. Civ. P. 15(a)(2) states that leave to amend "shall be freely given when justice so requires." This Court finds that Mr. Jamnadas could state facts to support a transporter liability claim and, therefore, grants leave to amend.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1.      GRANTS Goss-Jewett's motion to dismiss;

2.      GRANTS Mr. Jamnadas leave to amend his third party complaint; and

3.      ORDERS Mr. Jamnadas to file and serve his second amended third party complaint no later than March 26, 2008.

IT IS SO ORDERED.

**Dated:     March 13, 2008**                    /s/ Lawrence J. O'Neill
                                                          UNITED STATES DISTRICT JUDGE

6