# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:07-cv-00491 LJO GSA |
| | ) | |
| Plaintiff, | ) | ORDER REGARDING MOTION FOR LEAVE |
| | ) | OF COURT TO FILE SECOND AMENDED |
| v. | ) | JOINT THIRD PARTY COMPLAINT |
| | ) | |
| STEPHEN C. LYON, et al., | ) | (Document 249) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| AND RELATED CROSS-ACTIONS AND | ) | |
| THIRD-PARTY ACTIONS | ) | |
| | ) | |

Defendants, Cross-Complainants, Cross-Defendants and Third Party Plaintiffs Stephen C. Lyon, Suzanne S. Lyon, Russell R. Tonda and Diane M. Tonda ("the Lyons and Tondas") filed the instant Motion for Leave of Court to File Second Amended Joint Third Party Complaint on April 18, 2008. No opposition to the motion was filed and multiple third-party defendants filed statements of non-opposition. Accordingly, the Honorable Gary S. Austin, United States Magistrate Judge, took the matter under submission pursuant to Local Rule 78-230(h).

**FACTUAL AND PROCEDURAL BACKGROUND**

On March 28, 2007, the United States of America, for the Environmental Protection Agency, filed a complaint to pursue Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") claims against the Lyons and Tondas and the Estate of Shantilal Jamnadas. The complaint seeks recovery of unreimbursed costs incurred related to the release or threatened release of hazardous substances at the Modesto Groundwater Superfund Site ("Site")

in Modesto, California. This Site allegedly is a geographic area of groundwater contamination emanating from the vicinity of Halford's, a dry cleaning facility located in Modesto, California ("Halford's").

The Lyons and Tondas have owned the Modesto property where Halford's is located since 1974. Between 1977 and 2002, Shantilal Jamnadas operated Halford's until his death. Rajendra Jamnadas is the personal representative of the Defendant Estate of Jamnadas.

On September 10, 2007, the court granted the Lyons and Tondas leave to file third-party complaints. On that same date, each of the Lyons and Tondas filed identical in form third-party complaints ("TPCs") pursuing causes of action for CERCLA and state law contribution, equitable indemnity and declaratory relief against multiple third-party defendants.

On February 8, 2008, the Lyons and Tondas sought leave of court to file an amended joint third party complaint pursuant to Federal Rule of Civil Procedure 15. The court granted leave and the Lyons and Tondas filed an Amended Joint Third Party Complaint on March 11, 2008.

On April 18, 2008, the Lyons and Tondas filed the instant motion for leave to file a second amended joint third party complaint. The proposed amendments to the joint third party complaint would: (1) name an additional third-party defendant, the Estate of Harry Halford (the "Halford Estate"); (2) conform the complaint to the court's order of March 17, 2008, on Goss-Jewett's Motion to Dismiss Jamnadas' Amended Third Party Complaint; and (3) correct a misnamed party in the current complaint.

The following third-party defendants filed Statements of Non-Opposition to the instant motion:

1. Rajendra Jamnadas, as personal representative of the Estate of Shantilal Jamnadas;
2. Occidental Chemical Corporation;
3. Bowe Permac, Inc.;
4. R.R. Street & Co. Inc.;
5. Legacy Vulcan Corp., formerly known as Vulcan Materials Company;
6. The Dow Chemical Company; and,

1      7.    PPG Industries, Inc.

No opposition to the motion was filed.

## LEGAL STANDARD

Federal Rule of Civil Procedure Rule 15(a) provides that the court "should freely give leave [to amend] when justice so requires." The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984). Granting or denying leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996). Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

## ANALYSIS

A.    Addition of third-party defendant.

The Lyons and Tondas request to amend their complaint to add the Halford Estate as a third-party defendant and to allege that the Halford Estate is liable for contribution to the Lyons and Tondas as both an "owner" and an "operator" under CERCLA. The Lyons and Tondas contend that Harry Halford was an owner of Halford's from 1948 to 1974 and operated Halford's from 1948 to 1955 and that the underlying complaint alleges that perchloroethylene ("PCE" or "PERC") was disposed of at Halford's during that time.

The underlying complaint alleges that "until the mid-1980's wastewater containing [PCE] was discharged into th sewer system as part of the dry-cleaning operations at Halford's" and "until the mid-1980's...PCE was also leaking through the floor of the facility into the soil and groundwater below." Complaint, at ¶¶ 17, 18. Third-party defendants appearing in this action have not opposed this amendment. In the absence of any apparent (1) undue delay; (2) bad faith;

1  (3) prejudice; or (4) futility of amendment, the motion to amend to add the Halford Estate as a
2  third-party defendant is GRANTED.
3  B.     Clarification of claims against third-party defendants.
4         The Lyons and Tondas seek to conform their complaint with the court's order of March
5  17, 2008, regarding third-party defendant Goss-Jewett's motion to dismiss.  The court's order of
6  March 17, 2008, addressed a claim for hazardous substances clean-up contribution in the
7  amended third party complaint of defendant and third-party plaintiff Rajendra Jamnadas under a
8  theory of transporter liability pursuant to CERCLA, Title 42 of the United States Code, Section
9  9607(a)(4).  The Lyons and Tondas request an amendment to clarify the basis or bases for
10 CERCLA liability they are asserting against M.B.L., Inc., R.R. Street & Company, Inc., Goss
11 Jewett Co. of Northern California, Echco Sales and Equipment Co., Inc., Technichem, Inc., and
12 Univar USA Inc. to conform their complaint with the court's order.
13        R.R. Street & Company, Inc. has filed a statement of non-opposition to the proposed
14 amendment.  No other third-party defendants have opposed the proposed amendment.  Based on
15 the statement of non-opposition and the lack of apparent undue delay, bad faith, prejudice or
16 futility, Third-Party Plaintiffs' request to clarify their claims against the other Third-Party
17 Defendants is GRANTED.
18 C.     Correct name of third-party defendant.
19        The Lyons and Tondas request leave to make a minor correction to their Joint Third Party
20 Complaint by changing "Vulcan Materials Company" to "Legacy Vulcan Corporation" in the
21 caption and in paragraph 1.
22        On February 19, 2008, third-party defendant Vulcan Materials Company filed a notice of
23 name change, which advised the court and the parties to this action that it should be known as
24 "Legacy Vulcan Corp."  The Second Amended Joint Third Party Complaint should reflect this
25 change and therefore the request is GRANTED.
26
27
28

ORDER

For the above reasons, the Motion for Leave of Court to File Second Amended Joint Third Party Complaint is GRANTED.  The Lyons and Tondas SHALL file their Second Amended Joint Third Party Complaint in compliance with this order within ten (10) days.

IT IS SO ORDERED.

**Dated:   May 21, 2008**                               **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE