IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     vs.<br><br>STEPHEN C. LYON, et al.,<br><br>            Defendants.<br>_____<br><br>AND RELATED CROSS-ACTIONS AND THIRD-PARTY ACTIONS. | CASE NO. CV F 07-0491 LJO GSA (GGH)<br><br>ORDER RE INITIAL MEDIATION/ SETTLEMENT CONFERENCE |

On May 28, 2008, the undersigned participated in a phone conference with attorneys for Plaintiff, United States, defendants, et al., Stephen Lyon, Suzanne Lyon, Russel Tonda, Diane Tonda, and defendants, et al., Estate of Jamnadas, Rajendra Jamnadas. After discussion, the court determined as follows:

1. To commence a mediation/settlement process[1] with less than all potentially viable and liable parties makes little sense from the court perspective;

2. All parties set forth above and those parties identified at pages 2:13-3:15, (i.e., up to and including line 15 on page 3) of the Joint Status Report filed May 20, 2008, through their counsel (no appearance of the party required at this time), shall meet in the undersigned's Sacramento courtroom on June 30, 2008, at 9:30 a.m. in order to attempt agreement on a process of settlement. This includes the City of Modesto and Univar, named, but presently unserved (although participating) parties. The undersigned is aware that there is probably no date which is convenient to all counsel, nevertheless a settlement process must be commenced as soon as possible. Therefore, the above date is firm and will not be changed absent extraordinary circumstances. Not all counsel for a party need appear; it is sufficient that each party be represented by a counsel.

3. The undersigned has no expectation to be able to facilitate settlement of the substantive issues themselves at an initial conference. Rather, all should strive to agree on a process for settlement, including decisions on whether settlement negotiations should proceed on a scheduled priority of issues, the need for initial pro rata common funding of common investigative issues (if any) with a promise of equitable

---

[1] For ease of terminology, "settlement process" means "mediation process" as well.

2

1 apportionment at a later time; creation of settlement groups
2 amongst the defendant parties from which a negotiation committee
3 can be selected, a stay of the litigation and discovery,
4 provisions for adjudication of discrete legal issues, the need
5 for a "settlement expert," if any, and the like.
6     4.  Key to a successful settlement process is for the
7 parties to actually grasp what they intellectually know --
8 litigation costs in this case may well exceed any party's
9 liability share at the end of the day -- even if a party is
10 ultimately "successful"; the docket in this case with its
11 blizzard of pleadings to date, with no discovery or substantive
12 issues decided to date, certainly indicates the potential for
13 such.
14     5. No later than June 19, 2008, each party shall file a
15 report responding to the matters identified below; if allied
16 parties desire to file joint statements, the undersigned
17 encourages those filings in lieu of individual filings.  The
18 parties shall not file the reports on the court docket, but **shall**
19 **electronically mail the reports to ghollows@caed.uscourts.gov.**
20 The parties are cautioned to observe what they already know:
21 Settlement in this case can only take place with a rational
22 assessment of the issues, and a rational assessment for the
23 issues cannot take place with pertinent evidence/issues hidden.
24 *All reports submitted to the undersigned are to be used solely*
25 *for the purposes of settlement, and may not be used for any other*
26 *purpose, notwithstanding any generally permitted uses outside of*

3

*settlement negotiations.*[2]  Therefore, although the undersigned will not require service on all parties of each report, the reports should be generally served unless extraordinary circumstances weigh against such service.  The parties shall discuss:

   a.  The disputes, if any, concerning the "chemical facts on the ground," i.e., whether there is a dispute about the presence of PCE in the ground/groundwater in or about the area of what was known as the Halford dry cleaning business (or whatever name if operated at that same location);

   b. The disputes, if any, concerning the historical transmission of PCE into the sewer system proximate to the Halford dry cleaning business;

   c. disputes about improper disposal of PCE versus machinery defects causing leakage of PCE;

   d. Whether the realistic potential exists for sources of PCE contamination distinct from the Halford dry cleaning business location, or contamination other than PCE which requires clean-up in any event and which has co-mingled with the alleged Halford PCE contamination;

   e. Whether bona fide legal defenses to any complaint, counter-claim, cross-claim or third party claim exist which are

---

[2]Similarly, all verbal discussions in the court settlement process, and those out-of- court verbal or written discussions which are clearly directed at this settlement process and identified as such shall remain confidential and inadmissible in litigation.

4

independent from assertions of the substantive contamination allegations; that is, the court is not concerned in this paragraph with assertions of fact that one did not participate directly or indirectly in the mechanism or methodology which allegedly caused PCE contamination;

    f.   Whether a party disputes having been part of a cause of the contamination alleged in the complaint, and the basis of that dispute; settlement will not be aided by general denials based on assertions of a plaintiff's, et al., lack of proof at this point. "Cause" means any activity which could make one liable in any manner for the alleged PCE contamination;

    g.   whether the related (somewhat) state action gives rise to any legitimate claims of collateral estoppel;

    h.   Any other fact or issue which may facilitate a better understanding of the issues pertinent to settlement

    5.   The United States shall discuss the remediation measures it has undertaken, and expects to take in the future as well as when closure of the remediation can be expected.  If a summary report exists, detailing the past, present, and future remedial efforts which is not protectable work product, the United States shall produce that report for all parties and the undersigned no later than June 12, 2008.  If the report has been publicly disseminated in connection with prior administrative proceedings or public hearings, the report need not be served on the parties herein; however, the undersigned would appreciate a copy.  Even if the report could be considered work product, the United States

5

may well decide to release such a report in order to facilitate early settlement.

    6.  For planning purposes, the court will schedule the first substantive settlement proceedings sometime during the dates August 18-25, 2008.

    IT IS SO ORDERED.

Dated: 05/30/08

                                 /s/ Gregory G. Hollows
                                 _____
                                 GREGORY G. HOLLOWS
                                 United States Magistrate Judge