1
2
3
4
5
6
7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9  UNITED STATES OF AMERICA,                    CASE NO. CV F 07-491 LJO GSA

10                          Plaintiff,           **ORDER ON THIRD-PARTY DEFENDANT**
                                                 **VULCAN'S MOTION TO DISMISS OR STAY**
11                                               **R. R. STREET'S CROSS-CLAIMS**
                                                 (Doc. 266)
12
        vs.
13
    STEPHEN C. LYON, et al.,
14
                          Defendants.
15  _____/

16
    AND RELATED CROSS-ACTIONS AND
17  THIRD-PARTY ACTIONS.

18  _____/

19          On May 2, 2008, third-party defendant Legacy Vulcan Corp. ("Vulcan") moved to dismiss  or

20  stay the cross-claims of third-party defendant R.R. Street & Co. Inc. ("Street").  Street seeks a

21  declaration that Vulcan is obligated to hold Street harmless and indemnify Street for defense and liability

22  costs in this action.  Street further seeks to recover those costs, if any.  Vulcan moves to dismiss or stay

23  Street's cross-claims pursuant to the *Wilton/Brillhart* standard, or the *Colorado River* doctrine, in

24  deference of a parallel state court proceeding.  Street argues this Court should either retain jurisdiction

25  over Street's cross-claims, or defer its jurisdiction to a parallel federal court proceeding.  This Court

26  finds this motion suitable for decision without oral argument, VACATES the July 2, 2008 hearing

27  pursuant to Local Rule 78-230(h), and issues the following order. For the reasons discussed below, this

28  Court GRANTS Vulcan's motion to dismiss Street's cross-claims.

1

## Background

**Vulcan-Street Relationship**

Vulcan manufactured and sold perchloroethylene ("PCE"), a chlorinated solvent used in the dry cleaning industry. Vulcan's PCE product was called PerSec. Street purchased PerSec from Vulcan in bulk quantities and resold the product into the United States market.

In 1976, Vulcan included Street as an additional insured on Vulcan's comprehensive general liability insurance policies. Street was included as an additional insured under Vulcan's policies each year from 1976-1992.

In May 1992, Vulcan and Street entered into a "PCE Agency Agreement" ("1992 Agreement"). The 1992 Agreement defined Street's role as an agent to solicit and take orders for PerSec to distributors in the dry cleaning industry. Street also agreed to prepare and transmit invoices for sales of PerSec, collect payments, and remit appropriate amounts, less commissions, to Vulcan. The 1992 Agreement further addresses indemnity obligations. Pursuant to the 1992 Agreement, Vulcan shall indemnify Street from claims or liabilities arising from acts, omissions, or transactions occurring after May 1, 1992. Should a court determine that Street's liability resulted from an act beyond or outside its authority as a sales agent for PerSec, however, the indemnity obligation will terminate retroactively. Additionally, the 1992 Agreement required Street to purchase and keep in force during the term of the Agreement commercially available comprehensive general liability insurance with respect to PerSec.[1]

**Five Modesto PCE Lawsuits**

The United States of America, for the Environmental Protection Agency, initiated this action in March 2007 to pursue Comprehensive Environmental Response Compensation and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601, *et seq*. claims against the owners and operators of a dry cleaning establishment named Halford's from 1977-2002. The Government seeks past and future costs to investigate and remediate PCE contamination from Halford's facility, including groundwater contamination. In turn, the owners and operators of Halford's facility filed third-party complaints

---

[1]Street's cross-claims seek to enforce the 1992 Agreement. Vulcan contends that, to the extent it may have an obligation to defend and indemnify Street pursuant to the 1992 Agreement, that obligation is secondary to Street's own insurer's obligation to defend and indemnify Street.

against 22 third-party defendants to pursue causes of action for CERCLA and state law contribution, equitable indemnity and declaratory relief.  Vulcan and Street are third-party defendants in this action.

Four other actions arising out of PCE contamination in Modesto were initiated against Vulcan, Street, and other PCE manufacturers, distributors, dry cleaners, and dry-cleaning equipment managers. Those actions are: (1) *City of Modesto Redevelopment Agency v. Dow Chemical Co., et al.*, No 999345 (Cal. Sup. Ct. S.F., filed Nov. 18, 1998); (2) *City of Modesto, et al. v. Dow Chemical Co., et al*, No. 999643 (Cal. Sup. Ct. S.F., filed Dec. 3, 1998); (3) *City of Modesto, et al. v. Dow Chemical Co., et al*, No. MSC06-01019 (Cal. Sup. Ct.  Contra Costa County, filed Dec. 22, 2005); and (4) *Estate of Christina Garcia, et al. v. Dow Chemical Co., et al.*, No. 611655 (Cal. Sup. Ct. Stanislaus County, filed Dec. 14, 2006) ("*Garcia* action").

In 2007, Vulcan settled the three *City of Modesto* cases named above.  The litigation continues in these three actions as against other defendants, including Street.  Additionally, the *Garcia* action and the instant action (referred to as the "*Lyon* action") continue against both Vulcan and Street.

**Street's Tenders of Indemnity to Vulcan**

On October 1, 2007, Street sent letters to Vulcan tendering the *Lyon* and *Garcia* actions to Vulcan "as a claim for which Street is indemnified under" the 1992 Agreement.  Vulcan responded in writing on October 30, 2007 ("October 30, 2007 letter") to advise Street of its position that liability insurance companies have the primary obligation and duty to provide Street with a defense to the *Lyon* and *Garcia* actions.  Vulcan further advised that upon notice by Street of its insurers' refusal to accept Street's tender of defense,  Vulcan would provide Street with a defense for the *Lyon* and *Garcia* actions.

Street confirmed to Vulcan that it tendered the defense of the *Lyon* and *Garcia* actions to its insurer, National Union Fire Insurance Company of Pittsburgh, PA ("National Union").  Thereafter, despite Vulcan's requests, Street failed to advise Vulcan of National's Union's response.  Consequently, on February 11, 2008, Vulcan notified Street that it would defend Street against the claims in the *Lyon* and *Garcia* actions.  Vulcan retained separate and independent attorneys and notified Street that, subject to reservations of rights set forth in the October 30, 2007 letter, Vulcan would pay the defense costs incurred and attorneys fees charges in defense of these two actions.

///

1    *Consolidated Coverage Litigation*

2        In January 2005, one of Vulcan's general liability insurers, Transport Insurance Company, filed

3    a lawsuit against Vulcan to determine its obligations, if any, arising from Vulcan's settlements in the

4    three *City of Modesto* PCE-related actions.   *Transport Ins. Co. v. Vulcan Materials Co.*, No. BC328022

5    (Cal. Sup. Ct., L.A. City, filed Jan. 31, 2005).   In June 2006, two of Vulcan's excess liability insurers

6    filed a second lawsuit against Vulcan. *First State Ins. Co., et al. v. Vulcan Material Co.*, No. BC354664

7    (Cal. Sup. Ct. L.A. City, filed June 28, 2006).   Both of these actions were assigned to the Honorable Carl

8    J. West, who consolidated them as *In re Vulcan Materials Coverage Litigation* ("*Consolidated Coverage*

9    *Litigation*").

10        In the *Consolidated Coverage Litigation,* plaintiff insurers seek a declaration that the insurance

11    policies they issued to Vulcan at various times during the period Vulcan manufactured PerSec do not

12    obligate them to defend or indemnify Vulcan against sums it may be legally obligated to pay because

13    of damages caused by PCE.   Additionally, two of the plaintiff insurers sued approximately thirty other

14    insurers that sold general liability insurance policies to Vulcan, seeking to hold those other insurers

15    liable for equitable indemnity or equitable contribution if the plaintiff insurers are held to be obligated

16    to cover Vulcan's PCE-related liabilities.

17        National Union–Street's insurer–also issued several primary and excess layer general liability

18    insurance policies to Vulcan at various times during the period Vulcan manufactured and sold PerSec.

19    National Union is a defendant and party to the *Consolidated Coverage Litigation*.   National Union's

20    policies with Vulcan cover sums Vulcan is obligated to pay by reason of liability of a third party

21    assumed by Vulcan under contract, such as Street.   Additionally, the primary policy National Union

22    issued to Vulcan includes Street as an additional insured.

23        In the *Consolidated Coverage Litigation*, the court ordered all parties to exchange insurance

24    policies and insurance policy information.   This information is to be loaded into an electronic document

25    repository accessible to the parties and the Court.   The parties are currently engaged in mediation in an

26    effort to resolve the issues of responsibility for defense cost and liabilities incurred in the Modesto PCE-

27    related actions, including Street's defense costs and potential liability.

28    ///

4

**Street's Claims Against Vulcan**

Two weeks after Vulcan notified Street that Vulcan would defend Street against the claims in the *Lyon* and *Garcia* actions, Street filed two claims against Vulcan. First, Street and its insurer National Union filed an action in federal court in Illinois. *R.R. Street & Co., Inc. and National Union Fire Ins. Co. of Pittsburgh, PA, individually and as subrogee of R.R. Street v. Vulcan Materials Corp. n/k/a Legacy Vulcan Corp.*, No. 08 CV 1182 (N.D. Ill., filed Feb. 26, 2008) ("Illinois action"). Later that day, Street filed an amended answer to four of the third-party complaints filed in this action, as well as an answer to a third-party cross-claims. (Docs. 205, 241, 248) Street asserts the following cross-claims against Vulcan:

> 1.  Breach of Contract (count one);
> 2.  Implied Indemnity (count two);
> 3.  Promissory Estoppel (count three); and
> 4.  Declaratory Judgement (count four).

Street prays for the following relief:

> 1.  A declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense costs and attorney's fees incurred or to be incurred by Street in connection with this action;
> 2.  A declaration that Vulcan is obligated to hold harmless and indemnify Street from and against claims asserted in and all liability arising from this action;
> 3.  Damages, including litigation costs and attorney's fees incurred in prosecuting this action, in an amount to be proven at trial;
> 4.  Costs of suit incurred herein, including pre- and post-judgment interest to the full extent permitted by law; and
> 5.  Such other relief and the Court may deem just and proper.

Street's complaint in the Illinois action and cross-claims in this action both seek an identical declaratory judgment that Vulcan is obligated to hold Street harmless and indemnify Street for defense costs, including attorneys fees incurred, as well as for any liability imposed on Street in this action. In addition to its claim in this action, Street and National Union seek declaratory relief in the Illinois action on the indemnity issue as it pertains to the other Modesto PCE-related lawsuits.

**Subsequent Filings in Separate Actions**

At this time, Street, Vulcan, and National Union proceed on their claims in three jurisdictions. As set out above, in February 2008, Street and National Union initiated the Illinois action against Vulcan, and Street filed cross-claims against Vulcan in this action. When Vulcan informed the court

5

1   in the *Consolidated Coverage Litigation* of the actions in this Court and in Illinois, the Court suggested

2   that Vulcan include Street's express indemnity claim in Vulcan's cross-complaint.  Accordingly, on

3   April 11, 2008, Vulcan filed a cross-complaint against National Union and Street in the *Consolidated*

4   *Coverage Litigation*, to include Street's 1992 Agreement express indemnity claim (Brown Declaration,

5   Exhibit I).  Street has not answered Vulcan's *Consolidated Coverage Litigation* complaint.  On April

6   18, 2008, Vulcan answered Street's cross-claims in this action.  On May 2, 2008, Vulcan moved to

7   dismiss or stay Street's cross-claims in this action.  On the same day, Vulcan moved to dismiss or stay

8   the Illinois action.

9

10                                                 **DISCUSSION**

11   ***Wilton/Brillhart* Standard**

12          The Declaratory Judgement Act confers on federal courts "unique and substantial discretion in

13   deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

14   The statute provides that a court "*may* declare the rights and other legal relations of any interested party

15   seeking such declaration," *Id.* (quoting 28 U.S.C. §2201(a) (emphasis in original case, not original

16   statute).  The Declaratory Judgment Act is "an enabling Act, which confers a discretion on the courts

17   rather than an absolute right on the litigant." *Id.* at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff*

18   *Co.*, 344 U.S. 237, 241 (1952)).

19          In *Wilton*, the Supreme Court reaffirmed the application of *Billhart v. Excess Ins. Co. of America*,

20   316 U.S. 491 (1942) to a declaratory judgment action:

21          Over 50 years ago, in *Brillhart...*, this Court addressed circumstances virtually identical
            to those present in the case before us today.  An insurer, anticipating a coercive suit,
22          sought a declaration in federal court of nonliability on an insurance policy.  The District
            Court dismissed the action in favor of a pending state garnishment proceedings, to which
23          the insurer had been added as a defendant...[T]his Court held that, "although the District
            Court had jurisdiction of the suit under the Federal Declaratory Judgments (sic) Act, it
24          was under no compulsion to exercise that jurisdiction."  The Court explained that
            "ordinarily it would  be uneconomical as well as vexatious for a federal court to proceed
25          in a declaratory judgment suit where another suit is pending in state court presenting the
            same issues, not governed by federal law, between the same parties."  The question for
26          a district court presented with a suit under the Declaratory Judgment Act, the Court
            found, is "whether the questions in controversy between the parties to the federal suit,
27          and which are not foreclosed under the applicable substantive law, can better be settled
            in the proceeding pending in the state court. *Wilton*, 515 U.S. at 282 (quoting *Brillhart*)
28          (internal citations omitted).

                                                      6

1  Thus, the Declaratory Judgment Act gives this Court "competence to make a declaration of rights; it
2  [does] not impose a duty to do so." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th
3  Cir. 1998) (en banc).  This principle is referred to as to *Wilton/Brillhart* doctrine.

4        Vulcan argues that this Court should dismiss or stay Street's cross-claims in deference to the
5  *Consolidated Coverage Litigation* proceeding in California state court.  Vulcan contends that the state
6  court action is a parallel concurrent action that raises, or presents a forum in which Street (and National
7  Union) may raise, the same indemnity claims that Street's cross-claim raises in this action.  Vulcan
8  maintains that the *Consolidated Coverage Litigation* will resolve effectively and efficiently the
9  indemnity claims in a comprehensive fashion.  Accordingly, Vulcan moves to stay or dismiss Street's
10 cross-claims pursuant to the discretion conferred by the Declaratory Judgment Act's *Wilton/Brillhart*
11 standard.[2]

12       The principle of "wise judicial administration" weighs in favor of declining to exercise
13 discretionary jurisdiction over this action.  "[T]he normal principle that federal courts should adjudicate
14 claims within their jurisdiction yields to considerations of practicality and wise judicial administration."
15 *Wilton*, 515 U.S. at 288.  In exercising this Court's discretionary jurisdiction under *Brillhart/Wilton,* the
16 Court "should avoid needless determination of state law issues; it should discourage litigants from filing
17 declaratory actions as a means of forum shopping; and it should avoid duplicative litigation."*Dizol*, 133
18 F.3d at 1225.   Here, state law issues are the subject of Street's claims, which will be resolved in the
19 *Consolidated Coverage Litigation*. This Court finds that dismissal of these duplicative claims, more
20 appropriately suited for the state court proceeding, "furthers the policy against needlessly deciding
21 unsettled state law issues, prevents duplicitous litigation, and discourages forum shopping." *Polido v.*
22 *State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1422 (9th Cir. 1997).

23       Additionally, the *Wilton/Brillhart* doctrine applies, in particular, to insurance cases in which a
24 party seeks declaratory relief, such as the instant action.   The "practicality and wise judicial
25 administration" considerations "generally counsel against the exercise of federal-court jurisdiction over

26 _____

27       [2]In the alternative, Vulcan moves this Court to abstain from the assumption of jurisdiction, pursuant to *Colorado*
   *River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*").  Because this Court rules on this
28 motion pursuant to the *Wilton/Brillhart* doctrine, this Court need not consider Vulcan's *Colorado River* argument.

claims for declaratory relief that involve only state law questions and are brought during the pendency of a related state court proceeding.  Certainly that is the case with insurance coverage disputes." *Golden Eagle v. Travelers Cos.*, 103 F.3d 750, 755 (9th Cir. 1996) (quoting  *Employers Reinsurance Corp. v. Karussos,* 65 F.3d 796, 801 (9th Cir. 1995)).  Indeed, federal courts "should decline to assert jurisdiction in insurance coverage cases...presenting only issues of state law during the pendency of parallel proceedings in state court unless there are circumstances present to warrant an exception to that rule."*Karussos*, 65 F.3d at 798, overruled on other ground in *Dizol*, 133 F.3d 1220 (9th Cir. 1998) (internal quotations and citations omitted).  This is because "[s]tates have a free hand in regulating the dealings between insurers and their policyholders." *SEC v. National Securities, Inc.*, 393 U.S. 453, 459 (1969).  Thus, comity concerns are "particularly weighty in insurance cases." *Karussos*, 65 F.3d at 799.

Street argues that the *Wilton/Brillhart* doctrine does not apply, because Street's cross-claim against Vulcan seeks both declaratory and non-declaratory relief  "[W]hen other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.3d at 1225 (1998).  Accordingly, "[t]he appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001) (quotation omitted).  To determine if a claim is independent, the Court considers whether the claim for monetary relief "could be litigated in federal court even if no declaratory claim had been filed.  In other words, the district court should consider whether it had subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief." *R & D Latex*, 242 F.3d at 1113.

Here, Street's non-declaratory claim for relief is dependant on the its claims for declaratory relief. Street seeks a declaration that Vulcan is obligated to hold harmless and indemnify Street for all defense costs, including attorneys fees, and against any liability arising from this action.  Street also seeks "damages, including litigation costs and attorney's fees incurred prosecuting this action, in an amount to be proved at trial."  Street would be unable to recover the costs of litigation and attorney's fees

1   without this Court's declaration that Vulcan is obligated to indemnify Street. *Golden Eagle*, 103 F.3d

2   at 755; *Karussos*, 65 F.3d at 801.  Thus, Street's "request for monetary relief is wholly dependent upon

3   a favorable decision on its claim for declaratory relief.  The action is plainly one for declaratory relief."

4   *Golden Eagle*, 103 F.3d at 755.  Under these circumstances, Streets counter-claims are a "quintessential

5   declaratory relief action" arising out of an insurance dispute and the Court should defer to the state court

6   proceeding. *Id*. at 752; *see also, Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163 (9th

7   Cir. 1998) (Most cases to invoke *Wilton/Brillhart* doctrine "involve actions that are purely or primarily

8   declaratory in nature: typically, claims in which an insurance company seeks a declaration that it has no

9   duty to defend a third party in an underlying dispute.").

10          Because issues of state law are presented, which are duplicative of the state proceeding, and

11   primarily declaratory in nature, this Court declines to exercise jurisdiction over Street's cross-claims.

12   *See R & D Latex*, 242 F.3d at 1114 (considering unique circumstances of case to determine whether

13   dismissal of declaratory and non-declaratory claims is appropriate).  The Court finds further that the

14   appropriate forum for those claims is the comprehensive *Consolidated Coverage Litigation*.  This Court

15   agrees with the court in that case, which noted,

16          it just doesn't make a lot of sense to have determinations made of similar issues in
             multiple jurisdictions that can only lead to further confusion...[A]ll of this coverage
17          litigation ought to be centralized in one place[,] so if we ever get to the point where we
             can sit down and look at what the real issues are, or what the exposure is, or some
18          potential for resolution, you have all the players there. (Brown Declaration, Exhibit G).

19   "[I]t would  be uneconomical as well as vexatious for a federal court to proceed in a declaratory

20   judgment suit where another suit is pending in state court presenting the same issues, not governed by

21   federal law, between the same parties." *Wilton*, 515 U.S. at 282 (quoting *Brillhart*) (internal citations

22   omitted).  Accordingly, Street's cross-claims against Vulcan are dismissed.

23   **Duplicative Federal Actions**

24          Alternatively, this Court dismisses Street's cross-claims based on the principle of federal comity.

25   Street "acknowledges the general rule that, with respect to federal proceedings, the first-filed action has

26   priority...[and] has no objection to is cross-claims against Vulcan in this case being stayed in favor of

27   the Illinois action."  Opp. at 11.  In a footnote, Vulcan also submits that this Court should exercise its

28   discretion to stay Street's cross-claims against Vulcan on the ground that it is duplicative of claims made

1   in the more comprehensive Illinois action.  Thus, the parties agree that a "district court [may] decline

2   jurisdiction over an action when a complaint involving the same parties and issues has already been filed

3   in another district." *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982).[3]

4       "While no precise rule has evolved, the general principle is to avoid duplicative litigation and

5   to promote judicial efficiency." *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citing *Colorado*

6   *River*, 424 U.S. 800, 817, and *Church of Scientology v. United States Dept. of the Army*, 611 F.2d 738,

7   750 (9th Cir. 1979)).  "Normally sound judicial administration would indicate that when two identical

8   actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should

9   try the lawsuit and no purpose would be served by proceeding with a second action." *Pacesetter*, 678

10  F.2d at 95.  In ruling on whether to dismiss a duplicative action based on federal comity, the Court

11  considers "wise judicial administration, giving regard to conservation of judicial resources and

12  comprehensive disposition of litigation." *Kerotest Manufacturing Co. v. C-O-Two Fire Equip. Co.*, 342

13  U.S. 180, 183-84 (1952).

14      Street's cross-claims are duplicative of Street's complaint in the Illinois action.  A "suit is

15  duplicative if the claims, parties, and available relief do not significantly differ between the two actions."

16  *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (9th Cir. 1993); *see also Nakash v. Marciano*, 882

17  F.2d 1411, 1416 (9th Cir. 1989) (actions are parallel if they are "substantially similar.").  Here, the

18  actions are nearly identical.  Street's complaint in the Illinois action includes Street's cross-claims in this

19  action (Brown Declaration, Exhibit F).  The central question in each is whether Vulcan is responsible

20  to defend and hold Street harmless for the Modesto PCE-related lawsuits.  The Illinois action promotes

21  a more comprehensive disposition, because it seeks a declaration and damages related to the Modesto

22  PCE-related actions, including this action.  The same parties are involved, and the remedies Street seeks

23

24

25

26

27      [3] Although the parties agree this Court should defer to the Illinois action, the parties request this Court to stay
    Street's counterclaims.  However, when this Court declines to exercise its jurisdiction over a claim, denial is proper. *See*

28  *Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684 (9th Cir. 2007);  *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d
    93, 95 (9th Cir. 1982).  Moreover, both parties cited to cases that dismissed, rather than stayed, the claims. *See id.*

1    do not significantly differ.[4]

2          Additionally, the goal of judicial efficiency would not be served by accepting jurisdiction over

3    Street's counterclaims. "[P]ermitting multiple litigation of these identical claims could serve no judicial

4    purpose of judicial administration, and the risk of conflicting determinations as to [whether Vulcan is

5    responsible for Street's defense and liability costs is] clear." *Pacesetter*, 678 F.3d at 96.  Importantly,

6    litigation of these claims in multiple jurisdictions would waste precious judicial resources.  Accordingly,

7    this Court declines to exercise jurisdiction over Street's duplicative counter-claims against Vulcan.

8

9                                         **CONCLUSION**

10         For the foregoing reasons, this Court:

11       (1)      GRANTS Vulcan's motion to dismiss (Doc. 266) Street's cross-claims (See cross-claims

12                in Docs. Doc. 205, 241, 248);

13       (2)      VACATES the July 2, 2008 hearing; and

14       (3)      ORDERS Street to file and serve amended answers no later than July 18, 2008.

15

16   IT IS SO ORDERED.

17   **Dated:   June 25, 2008**            **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26       [4] For this reason, this Court may also dismiss Street's counterclaims using its broad discretion to control its docket.
27   *Adams v. Cal. Dep't. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)  "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or consolidate both actions." *Id*.  A suit is duplicative
28   if "the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Id.*