RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

ELISE FELDMAN
ANN C. HURLEY
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard Street, Suite 1050
San Francisco, CA  94105
Telephone:  (415) 744-6470
Facsimile:  (415) 744-6476
E-mail: Elise.Feldman@usdoj.gov

MCGREGOR W. SCOTT
United States Attorney
Eastern District of California
DAVID SHELLEDY
Assistant United States Attorney
Eastern District of California
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>        Plaintiff, )<br><br>        v. )<br><br>STEVEN C. LYON, et al. )<br><br>        Defendants. )<br>_____ )<br><br>AND RELATED CROSS-ACTIONS )<br>AND THIRD PARTY ACTIONS )<br>_____ ) | Case No. 1:07-CV-00491-LJO-GSA<br><br>STIPULATION AND<br>ORDER PROTECTING CONFIDENTIAL<br>INFORMATION |

Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), Defendants Stephen C. Lyon, Suzanne S. Lyon, Russell R. Tonda, Diane M. Tonda, Rajendra Jamnadas (personal representative of the Estate of Shantalil Jamnadas) ("Defendants"), and Third-Party Defendants Legacy Vulcan Corp., Occidental Chemical Corporation, R.R. Street & Co., Inc., PPG Industries, Inc., Echco Sales Co., Inc., Cooper Industries, Inc., The Dow Chemical Company, MBL, Inc., Goss-Jewett, City of Modesto, Univar USA, Inc., and Technichem, Inc. ("Third Party Defendants") hereby stipulate to this agreement and proposed protective order ("Stipulation and Protective Order").  This Stipulation and Protective Order is designed to maintain the confidentiality of certain information during discovery that may contain trade secrets or commercial or financial information that is entitled to confidential treatment under 5 U.S.C. § 552(b)(4), 18 U.S.C. § 1905, and 40 C.F.R. § 2.200 ("Confidential Material").  The United States, Defendants, and Third Party Defendants stipulate that discovery in this case will involve the production of documents, including those which have been submitted to EPA by various contractors (listed in Attachment A), containing information which may be entitled to confidential treatment.  The Court finds that good cause exists for the issuance of an order requiring limited disclosure of such information and that entry of this Protective Order is appropriate pursuant to Federal Rule of Civil Procedure 26(c).  Consequently it is hereby ORDERED:

1.  The term "Confidential Material" as used in this Stipulation and Protective Order means trade secrets and commercial and financial information that is entitled to confidential treatment under 5 U.S.C. § 552(b)(4), 18 U.S.C. § 1905, and 40 C.F.R. § 2.200.

2.  The producing party may designate Confidential Material as follows:

a.  The producing party may designate as "confidential" documents the party reasonably and in good faith believes to be Confidential Material by placing or affixing on documents produced the word "Confidential."  The information may be stamped "confidential" on one or more pages of the document and may pertain to the entire document if so noted, even if each page of the document is not stamped. The information in a series of documents also may be identified as

confidential by a warning attached to the folder in the compact disk that contains

the documents.  If a readily identifiable set of documents contains Confidential

Material in its entirety, that set may be designated as "Confidential" by a written

statement provided at the time such documents are produced.  All such documents

shall be referred to in this Stipulation and Protective Order as "unredacted

Confidential Material" and shall be treated in their entirety, without specific

designation of the particular confidential information therein, as confidential in

accordance with the provisions of this Stipulation and Protective Order.

b.  The responding party may designate information set forth in an answer to an

interrogatory as Confidential Material by clearly indicating that portion of the

response which the party is designating as confidential.  Information contained in

an answer to any question asked during a deposition taken pursuant to Fed. R.

Civ. P. 30 or 31 may be so designated by a statement indicated on the record

during the course of the deposition and on the same day that the answer is given,

or within thirty (30) days after a party receives a copy of the deposition transcript.

Any answers given, or exhibits introduced, during the course of a deposition that

contain Confidential Material shall be treated as confidential under this

Stipulation and Protective Order.  The deposition cover page shall be stamped as

follows:

> This deposition contains confidential information subject to
> a Stipulation and Protective Order Governing Confidential
> Information entered in United States of America v. Stephen
> C. Lyon, et al., No. 1:07-CV-00491-LJO-GSA

3.  In addition to producing to the Defendants and Third Party Defendants documents

containing unredacted Confidential Material pursuant to the provisions of this Stipulation and

Protective Order, the United States may make available to the Defendants and Third Party

Defendants copies of such documents from which Confidential Material has been redacted.  The

United States shall cooperate reasonably with Defendants and Third Party Defendants in

redacting Confidential Material from documents for the purposes of preparing exhibits or papers

in this Action, to the extent such redaction is necessary.  Such redacted documents may be disclosed to any person or party without restriction by any provision of this Stipulation and Protective Order.

4. Documents produced by the United States, the Defendants, or Third Party Defendants prior to the entry of this Stipulation and Protective Order may be designated as Confidential Material by the producing party by letter to the requesting party mailed within thirty (30) days of the date of entry of this Stipulation and Protective Order indicating the Bates number, microfilm number, or other information identifying the documents to be so designated, and the documents so designated shall be subject to the terms of this Stipulation and Protective Order except as otherwise required by law, court order or other lawful process.  Nothing in this agreement shall be construed to prejudice or limit the right of the United States to take any action to implement or enforce the law or protect public health, safety, welfare or the environment.

5. All persons receiving copies of documents, deposition transcripts, responses to written discovery, or other matter designated as unredacted Confidential Material shall maintain such Confidential Material in their possession in a manner sufficient to protect such material against unauthorized disclosure.  Any person who is permitted access to unredacted Confidential Material in accordance with this Stipulation and Protective Order may make copies, duplicates, extracts, summaries, or descriptions of such documents or any portion thereof only for the purposes stated in Paragraph 4, below.  All copies or duplicates shall be subject to the terms of this Stipulation and Protective Order just as if they were originals and shall be dealt with under the terms of this Stipulation and Protective Order to protect against unauthorized disclosure.

6. Unredacted Confidential Material shall be used solely for the purpose of prosecuting, defending, settling, or otherwise conducting the above-captioned litigation (the "Action") and any appeals thereof, and not for any other purpose whatsoever.  Except as the Court in this Action may otherwise provide, or as otherwise required by law, court order or other lawful process, unredacted Confidential Materials and any copies thereof, and notes made thereof, shall be disclosed only to counsel for a party to this Action or any appeals thereof, and the following Authorized Persons:

a.  the paralegal, clerical, and secretarial staff employed by counsel for a party;

b.  a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this Action or any appeals thereof;

c.  persons, including partnerships and corporations, retained by the parties or their counsel for the prosecution, defense, or settlement of this Action or any appeals thereof;

d.  court reporter(s) employed in this Action or any appeals thereof;

e.  a witness at any deposition or other proceeding in this Action or any appeals thereof; and

f.  any other person as to whom the parties in writing agree

7.  Prior to receiving any unredacted Confidential Material, each Authorized Person shall be provided with a copy of this Stipulation and Protective Order and shall execute a Nondisclosure Certification in the form of Attachment B.  Counsel for the party to this Action disclosing the unredacted Confidential Material to an Authorized Person shall retain a copy of each executed Nondisclosure Certification.  In the event that an Authorized Person intends to disclose the unredacted Confidential Material to another Authorized Person, consistent with the terms and conditions of this Stipulation and Protective Order, the Authorized Person disclosing the information shall require that the Authorized Person receiving the information execute a Nondisclosure Certification, and shall forward that Certification to counsel for the party that originally disclosed the information to the Authorized Person.  The provisions of this Stipulation and Protective Order shall be binding upon each person to whom disclosure is made.  Counsel for a party to this Action shall be deemed bound by the provisions of this Stipulation and Protective Order by virtue of his or her execution of this Stipulation and Protective Order on behalf of the party or parties he or she represents.  Execution of this Stipulation and Protective Order by any counsel for any party in this action shall be sufficient to bind any member or associate of that counsel's law firm or any individual employed as an attorney by the United States Department of Justice or United States Environmental Protection Agency.  For the

purposes of the preceding sentence, nonattorney employees of a law firm are not deemed "members or associates" of that firm.

8.  Counsel to any party to the Action or any appeals thereof, who has not executed this Stipulation and Protective Order prior to its approval and entry by the Court shall execute a counterpart signature page prior to disclosure of Confidential Material to such counsel or any other Authorized Person acting on behalf of such counsel or the party he or she represents.  All such counterpart signature pages shall be filed with the Court.

9.  All depositions in this Action of persons who have specific knowledge of Confidential Material shall be held in the presence only of the deponent, Defendants, Third Party Defendants, their counsel, officers of the Court involved in this Action (including the court reporter), the United States, any federal government employees or representatives authorized by the United States, and any other persons described in Paragraph 4 who have executed the Nondisclosure Certification attached as Attachment B hereto.  If, during the course of a deposition of a witness other than one who has specific knowledge of Confidential Material, it becomes necessary to reveal any Confidential Material, all persons other than those described in this Paragraph may be asked to leave the deposition room and, if asked, shall comply.  It shall be the duty of counsel to ensure compliance with this Paragraph.  The deposition transcript and any exhibits thereto shall be treated in accordance with Paragraph 2, above.

10.  Any portion of any pleading, motion, deposition transcript or other document submitted or presented to or filed with the Court containing unredacted Confidential Material shall be filed in sealed envelopes or other appropriate sealed containers, on which shall be endorsed the caption of this litigation, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope, containing documents which are filed in this case by _____ [name of party], is not to be opened and its contents are not to be displayed or revealed except by Order of the Court.

Documents so filed shall not be available to persons other than the Court, the parties' counsel,

and Authorized Persons.  Nothing in the foregoing provisions of this Stipulation and Protective

Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate

showing, additional protection with respect to unredacted Confidential Material.

11.  Nothing in the foregoing provisions of this Stipulation and Protective Order shall be

deemed to preclude the United States, Defendants, or Third Party Defendants from objecting to

the designation of documents or other discovery material as Confidential Material.  In such event,

the party objecting to any such designation shall have the burden of filing a motion with the

Court challenging such designation; the party designating such material as confidential shall have

the burden of demonstrating that there is good cause to designate the documents or materials as

such and that they properly are subject to treatment under this Stipulation and Protective Order.

During the pendency of any motion under this Paragraph, the documents that are the subject of

such motion shall continue to be treated as confidential under this Stipulation and Protective

Order.

12.  The provisions of this Stipulation and Protective Order shall not be construed as

preventing:  (a) the disclosure of Confidential Material by the party which designated the

information as such, and (b) the disclosure of Confidential Material to any judge, special master,

magistrate or employee of a court for purposes of this Action or any appeals thereof.

13.  In the event that any unredacted Confidential Material is used in any proceeding in

this Action or any appeals thereof, it shall not thereby lose its confidential status and, to the

greatest extent possible, the party using such unredacted Confidential Material shall preserve its

confidentiality during such use, as required by and consistent with the terms of this Stipulation

and Protective Order.

14.  In the event of inadvertent disclosure of unredacted Confidential Material by any

person bound by the terms of this Stipulation and Protective Order, the party making such

disclosure shall take steps to remedy any breach of confidentiality resulting from the disclosure.

Steps to be taken shall include, as appropriate, limiting further dissemination of the information

disclosed, retrieving copies of documents inadvertently circulated, withdrawing and refiling

papers under seal, and similar actions.  In the event of a dispute between the parties concerning

the scope or application of this Paragraph, any person who is bound by the terms of this Stipulation and Protective Order or who has submitted unredacted Confidential Material pursuant to this Stipulation and Protective Order may petition the Court for appropriate relief.

15. The Plaintiff may seek to supplement or modify the List of Contractors (Attachment A). If it seeks to supplement or modify the List of Contractors, Plaintiff shall notify Defendants and Third Party Defendants in writing of the proposed changes. If no Defendant or Third Party Defendant objects to the proposed changes within five (5) days of receiving Plaintiff's notification, Plaintiff shall file written notice with the Court that sets forth the modified List of Contractors.

16. Within sixty (60) days after the termination of this Action or any appeal thereof, or within such other time as counsel for the parties may agree, counsel for the parties shall assemble and return to the producing party all unredacted Confidential Material and copies of same or certify the destruction thereof.

17. This Stipulation and Protective Order shall survive the termination of this Action, and the Court shall retain jurisdiction to enforce and resolve disputes under this Stipulation and Protective Order. All unredacted Confidential Material shall continue to be treated as confidential in accordance with this Stipulation and Protective Order. The Clerk of the Court shall maintain under seal all papers filed under seal until the Court orders otherwise.

18. Pending Court approval of this Stipulation and Protective Order, counsel for any party who has signed this Stipulation and Protective Order and any person who has executed the Nondisclosure Certification attached hereto as Attachment B shall be bound by the terms of this Stipulation and Protective Order and shall treat all Confidential Material received in accordance with the terms thereof. In the event that this Stipulation and Protective Order or a modification hereof agreed to by the parties is not approved by the Court, all Confidential Material shall be treated in accordance with Paragraph 16, above.

1        19.  This agreement may be signed by counsel in counterparts.

2

3    Attachments:
     Attachment A - List of Contractors
4    Attachment B - Nondisclosure Certification

5

6        The parties are advised that any party intending to utilize any confidential third party

7    information designated as confidential in a law and motion matter or at trial should lodge the

8    document under seal pursuant to Local Rules 39-140 and 39-141 pending the Court's

9    determination regarding whether a privilege exists that precludes the use of the document or

10   other information as evidence or determining what safeguards, if any, should be utilized if the

11   confidential information is to be considered as evidence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    SO STIPULATED:

2    For Plaintiff United States of America

3                                          RONALD J. TENPAS
                                           Assistant Attorney General
4

5                              By:
                                          /s/ Elise Feldman (as authorized on 12/18/08)
6    _____                   ELISE FELDMAN
     DATED                                 ANN C. HURLEY
7                                          Environmental Enforcement Section
                                           Environment and Natural Resources Division
8                                          United States Department of Justice
                                           301 Howard Street, Suite 1050
9                                          San Francisco, California  94105
                                           Telephone:  (415) 744-6470
10                                         Facsimile:  (415) 744-6476

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  For Defendants Stephen C. Lyon, Suzanne S. Lyon, Russell R. Tonda, and Diane M. Tonda

2

3

4
                                              /s/ Aaron P. Silberman (as authorized on 11/25/08)
5  _____                           ROBERT GOODMAN.
   DATED                                      AARON P. SILBERMAN
6                                             Rogers Joseph O'Donnell
                                              311 California Street
7                                             San Francisco, CA  94104

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    For Defendant Rajendra Jamnadas (personal representative of the Estate of Shantalil Jamnadas)

2

3

4    _____          /s/ Aimee L. Lu for Keith Chidlaw (as authorized
     DATED                          on 12/2/08)
5                               KEITH CHIDLAW
                               400 University Avenue
6                              Sacramento, CA  95825

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    For Third-Party Defendant Legacy Vulcan Corp.

2

3

4    _____                    /s/ Ruth Ann E. Castro (as authorized on 11/25/08)
     DATED                               JAMES H. COLOPY
5                                        RUTH ANN E. CASTRO
                                         Farella Braun & Martel, LLP
6                                        Russ Building
                                         235 Montgomery Street
7                                        San Francisco, CA  94104

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For Third-Party Defendant Occidental Chemical Corporation

_____
DATED

/s/ Morgan Gilhuly (as authorized on 11/25/08)
STEPHEN C. LEWIS
R. MORGAN GILHULY
Barg, Coffin, Lewis & Trapp, LLP
350 California Street, 22nd Floor
San Francisco, CA  94104-1435

For Third-Party Defendant R.R. Street & Co., Inc.

_____
DATED

_____
ERIC GRANT
8001 Folsom Blvd., Suite 100
Sacramento, CA  95826

_____
DATED

/s/ Brian Keller (as authorized on 11/25/08)
JOHN B. THOMAS
Hicks Thomas & Lilienstern, LLP
700 Louisiana Street, Suite 2000
Houston, TX  77002

1  For Third-Party Defendant PPG Industries, Inc.

2

3

4  _____                    /s/ Gary J. Smith (as authorized on 11/25/08)
   DATED                              GARY J. SMITH
                                      JIA YN CHEN
5                                     Beveridge & Diamond, P.C.
                                      456 Montgomery Street , Suite 1800
6                                     San Francisco, CA  94104

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

For Third-Party Defendant Echco Sales Co., Inc.

_____                    /s/ Probal G. Young (as authorized on 12/12/08)
DATED                                    EUGENE C. BLACKARD, JR.
                                         PROBAL G. YOUNG
                                         Archer Norris
                                         2033 North Main St., Suite 800
                                         Post Office Box 8035
                                         Walnut Creek, CA  94596-3728

- 17 -

**THIS PAGE INTENTIONALLY LEFT BLANK**

For Third-Party Defendant Cooper Industries, Inc.

<table>
<tr><td>_____</td><td>/s/ Matthew P. Nugent (as authorized on 12/4/08)</td></tr>
<tr><td>DATED</td><td>P. GERHARDT ZACHER</td></tr>
</table>

                                              MORDECAI BOONE
KRISTIN N. REYNA
MATTHEW P. NUGENT
Gordon & Rees LLP
101 W. Broadway, Suite 2000
San Diego, CA  92101

- 19 -

For Third-Party Defendant The Dow Chemical Company

_____   /s/ Stephen J. Valen (as authorized on 12/1/08)
DATED             GENNARO A. FILICE, III
                  STEPHEN J. VALEN
                  DANIEL J. NICHOLS
                  Filice Brown Eassa
                  & McLeod, LLP
                  1999 Harrison Street, 18th Floor
                  Oakland, CA  94612

For Third-Party Defendant MBL, Inc.

_____                    /s/ Raymond Hamrick (as authorized on 12/10/08)
DATED                              A. RAYMOND HAMRICK
                                   ELLIE WIEDER
                                   DOUGLAS K. LACKEY
                                   Hamrick & Evans, LLP
                                   10 Universal City Plaza, Suite 2200
                                   Universal City, CA  91608

1    For Third-Party Defendant Goss-Jewett

2

3
                                        /s/ Josette D. Johnson (as authorized on 12/4/08)
4    _____              EDWARD R. HUGO
     DATED                           ROLAND E. THE
5                                    JOSETTE D. JOHNSON
                                     Brydon Hugo & Parker
6                                    135 Main Street, 20th Floor
                                     San Francisco, CA  94105
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    For Third-Party Defendant City of Modesto

2

3
                                            /s/ Charles Bolcom (as authorized on 12/11/08)
4    _____                      CHARLES BOLCOM
     DATED                                  Davidovitz & Bennett LLP
5                                           One Embarcadero Center, Suite 750
                                            San Francisco, CA  94111
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   <u>For Third-Party Defendant Univar USA, Inc.</u>

2

3

                                      /s/ Juliet Markowitz (as authorized on 12/3/08)

4   _____         JULIET MARKOWITZ
     DATED                          STEVE TEKOSKY

5                                 Tatro Tekosky Sadwick, LLP
                                     333  S. Grand Avenue, Suite 4270

6                                 Los Angeles, CA  90071

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   For Third-Party Defendant Technichem, Inc., *In Pro Per*

2

3

4   _____      /s/ Mark J. Ng (original signature retained by
    DATED                             attorney Elise Feldman)

5   MARK J. NG
    Chairman

6   Technichem, Inc.
    2349 Lincoln Avenue

7   Hayward, CA  94545

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Attachment A**
List of Contractors

ACC Environmental Consultants,  Inc.
Agriculture & Priority Pollutants Laboratories, Inc.
Air Toxics Ltd.
APPL, Inc.
Armstrong Data Services, Inc.
ASRC Aerospace Corp.
Beylik Drilling, Inc.
Block Environmental Services, Inc.
Calgon Carbon Corp.
California Water Laboratories, Inc.
CH2M Hill, Inc.
Condor Earth Technologies, Inc.
Curtis & Tompkins Analytical Laboratories
Ecology and Environment, Inc.
Energy Laboratories, Inc.
FGL Environmental
Forward, Inc.
GeoAnalytical Laboratories, Inc.
Geological Technics, Inc.
GRB Environmental Services, Inc.
ICF Kaiser Engineers, Inc.
ICF Technology, Inc.
JL Analytical, Inc.
Labat-Anderson, Inc.
Lockheed Idaho Technologies Co.
Lockheed Martin Environmental Services
McCain Environmental Services
Mid-Valley Engineering
Montgomery Watson Americas, Inc.
Montgomery Watson Harza
Montgomery Watson, Inc.
MPDS Services, Inc.
Osterburg Brothers Drillers
Pace Analytical Services, Inc.
PC Exploration, Inc.
Pratt-Navarro Architecture
PRC Environmental Management, Inc.
PRC Patterson Corp, Inc.
Radian Corp
R B Welty & Associates, Inc.
Recra Environmental Inc.
Southwest Laboratory of Oklahoma, Inc.
Standard Management Company
Thermo Nutech
Thompson-Hysell Engineers, Inc.
Trace Analysis Laboratory, Inc.
Truesdail Laboratories, Inc.
U.S. Ecology, Inc.

**Attachment B**

NONDISCLOSURE CERTIFICATION

The undersigned is currently working at _____, which is located at

_____. *[During the past one (1) year period, the undersigned has been*

*employed or otherwise engaged as an attorney or employee of, or a consultant or contractor to,*

*the following entity, located at the following address:*

*Company Name:*

*Address:]*

The undersigned hereby states, under penalty of perjury, that he/she has read the Stipulation and

Protective Order Protecting Confidential Information entered by the Court in United States of

America v. Stephen C. Lyon, *et al.*, No. 1:07-CV-00491-LJO-GSA, understands the terms

thereof, and agrees, upon threat of penalty of contempt of court, civil claims by the party whose

claim of confidentiality has been breached, and/or criminal penalties under 18 U.S.C. § 1905 or

42 U.S.C. § 9604(e)(7)(B), to be bound by such terms.  The undersigned further agrees to submit

to the jurisdiction of the Court in connection with any claim that he/she failed to abide by the

terms of the Stipulation and Protective Order.  The undersigned further agrees to keep any

Confidential Material obtained by him/her within his/her exclusive possession, place the material

in a secure and segregated location, and agrees not to disclose the material other than to those to

whom disclosure is specifically authorized by the Stipulation and Protective Order.  He/she

further agrees not to use or disclose the material other than as authorized by the Stipulation and

Protective Order.  The undersigned agrees that the pledge of secrecy under this agreement

continues in perpetuity after the above-captioned litigation is concluded.


Executed this _____ day of _____, in

_____.



_____
[SIGNED]

IT IS SO ORDERED. _____

1   Dated:   **January 22, 2009**                        /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE
2