# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 1:07-cv-491 LJO GSA |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING |
| | ) | MOTION TO INTERVENE |
| v. | ) | |
| | ) | ORDER MODIFYING STIPULATION AND |
| STEPHEN C. LYON, et al,, | ) | PROTECTIVE ORDER (DOC. 342) |
| | ) | |
| | ) | (Document 356) |
| Defendants. | ) | |
| AND RELATED CROSS-ACTIONS AND | ) | |
| THIRD PARTY ACTIONS | ) | |

On May 19, 2009, Ecology and Environment, Inc., ("EE") filed the instant motion to intervene and to amend the Stipulation and Order Protecting Confidential Material ("Stipulation and Protective Order") in this action.  EE also filed an ex parte application to hear the motion on shortened time.  On May 20, 2009, this Court granted EE's motion to hear the motion on shortened time in part.[1]  The motion was scheduled to be heard on June 12, 2009.  On May 29, 2009, the United States filed a non-opposition to the motion.  On June 3, 2009, defendants Stephen C. Lyon, Suzanne S. Lyon, Russell R. Tonda, and Diane M. Tonda also filed a non-opposition to the motion.  On June 8, 2009, EE filed a reply.  The Court finds the matter is

---

[1] The Court also ordered that there shall be no discovery disclosure pursuant to Rule 26 relating to EE until this motion was resolved.

1

suitable for decision without oral argument pursuant to Local Rule 78-230(h). Based on the non-oppositions to the motion, as well as a review of the pleadings, the court GRANTS the motion.

**BACKGROUND**

On March 28, 2007, the United States of America, on behalf of the Environmental Protection Agency ("EPA"), filed a complaint to pursue Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") claims against the Lyons and Tondas and the Estate of Shantilal Jamnadas. 42 U.S.C. § 4607. The complaint seeks recovery of unreimbursed costs incurred related to the release or threatened release of hazardous substances at the Modesto Groundwater Superfund Site ("site") in Modesto, California. This site allegedly is a geographic area of groundwater contamination emanating from the vicinity of Halford's, a dry cleaning facility located in Modesto, California ("Halford's").

As part of this action, the United States will make business information that is entitled to confidential treatment available to the defendants in this action pursuant to 40 C.F.R. § 2.310(g)(6). In accordance with an Order of this Court issued on January 22, 2009, such disclosures are to be made subject to a Stipulation and Protective Order that was signed by all parties. This stipulation requires that "[p]rior to receiving any unredacted Confidential Material, each Authorized Person shall be provided with a copy of this Stipulation and Protective Order and shall execute a Nondisclosure Certification." Doc. 342 at ¶ 7. Furthermore, "[c]ounsel for the party to this Action disclosing the unredacted Confidential Material to an Unauthorized Person shall retain a copy of each executed Nondisclosure Certification." Id. However, the Stipulation and Protective Order does not contain a provision that the party to whom the "Confidential Material" pertains is given notice that the information was released, or to whom the information was disclosed.

EE contends that they performed services for the EPA defined under 42 U.S.C. § 4607(a)(4). Pursuant to those services, the EPA obtained confidential information about EE's business including, but not limited to, information pertaining to historical contractor hourly rates and costs. The parties have stipulated that EE is a contractor affected by the discovery in this

case, and that the production of documents contain information which may be entitled to confidential treatment.  EE is included in Attachment A of the Stipulation and Protective order.

EE seeks to intervene in this action as third party plaintiffs as a matter of right. Alternatively, EE seeks permissive intervention.  EE contends that it has a significant interest in the subject matter of this case because the existing parties have not adequately represented its interest.   EE has also moved to amend the Stipulated Protective Order to add language that will safeguard confidential business information held by EE by requiring that the United States notify EE when confidential business information is released.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides for intervention as of right and permissive intervention.  EE seeks leave to intervene on both grounds.  Rule 24 provides:

> **(a) Intervention of Right.**  On timely motion, the court must permit anyone to intervene who :
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interests, unless existing parties adequately represent that interest.
>
> **(b) Permissive Intervention**.
>
> (1) In General.  On timely motion the court may permit anyone to intervene who:
>
> (A) is given a conditional right to intervene by a federal statute; or
>
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Where, as here, no federal statute provides an unconditional right to intervene, Rule 24(a) provides for intervention as a matter of right.  The Ninth Circuit has adopted a four part test for intervention "of right" under Rule 24(a): (1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the

lawsuit. California ex rel. Lockyer v. U.S., 450 F. 3d 436, 440 (9th Cir. 2006); Cabazon Band of Mission Indians v. Wilson, 124 F.3d 1050, 1061 (9th Cir. 1997). The four part test is interpreted broadly in favor of intervention. California ex rel. Lockyer v. U.S. 450 F. 3d at 440; Cabazon Band of Mission Indians v. Wilson, 124 F. 3d at 1061.

If intervention is not otherwise a matter "of right," the Court may still allow premissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). "An applicant who seeks permissive intervention must prove that it meets three threshold requirements : (1) it shares a common question of law or fact with the main action, 2) its motion is timely, and 3) the court has an independent basis for jurisdiction over the applicant's claim." Donnelly v. Glickman, 159 F. 3d 405, 409 (9th Cir. 1998). If these conditions are met, the question of whether a party will be allowed to intervene is within the sound discretion of the trial court. See Donnely v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998); Venegas v. Skaggs, 867 F.2d 527, 530 (9th Cir.1989) (quoting Securities and Exchange Comm'n v. Everest Management Corp., 475 F.2d 1236, 1240 (2d Cir.1972)) ("Rule 24(b) necessarily vests 'discretion in the district court to determine the fairest and most efficient method of handling a case....'"). "In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed.R.Civ.P. 24(b)(3). In addition, a court may consider other factors, including whether the movant's interests are adequately represented by existing parties and judicial economy concerns. Venegas, 867 F.2d at 530-31.

**DISCUSSION**

Having considered the factors listed above related to intervention as a matter of right, the Court finds that EE shall be allowed to intervene pursuant to Fed. R. Civ. P. 24(a)(2).[2] First, EE's motion is timely because discovery is underway and the United States has not yet released any information related to EE. Second, EE has an interest in the action because its confidential business information is at issue. Third, the existing parties have not adequately represented EE's interest. The Stipulation and Protective Order requires that any party receiving the confidential material sign a

---

[2] Because the Court has found the EE may intervene as a matter of right, the Court will not address EE's alternative request for permissive intervention.

nondisclosure certification, and that the party disclosing the information retain the nondisclosure certification. However, there is no procedure in place to ensure that the individuals or corporations whose confidential information has been disclosed will receive copies or notice of the disclosures. Therefore, the third parties have no venue by which to ascertain what people or entities have received the information and to what extent. Finally, EE's interests will be impaired if it is not allowed to intervene because it will have no way to monitor the environmental consulting industry for future violations. For example, misuse of the intervener's cost structure would subject EE to substantial injury as it may permit competitors to replicate EE's cost structure and utilize this information in future bidding and negotiation scenarios. Since the confidential business information may be released to some of EE's competitors in the industry, EE's has established the fourth factor.

Based on the above, the court will modify the Stipulation and Protective Order as requested by EE. The United States has filed a non-opposition to the motion however, it has requested that EE's proposed language be modified to include not only EE, but current and future contractors to avoid having to revisit this issue. EE has no opposition to proposed amendment but has requested that the responsibility for determining the identity of the contractors who fall within the range of the new language rests with the United States and not with EE. The Court will incorporate all of these amendments and alter the Stipulation and Protective Order accodingly.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ordered that :

1) EE's motion to intervene and amend the Stipulation and Protective Order is GRANTED;

2) The Stipulated Protective Order issued by this Court on January 22, 2009, is modified as follows :

a) Immediately following paragraph 7, paragraph 7a shall be inserted to read :

Counsel for the party to this Action disclosing the unredacted Confidential Material ("Disclosing Party") to an Authorized Person shall make all retained Nondisclosure Certifications available upon request to the Contractors whose potential confidential business information is to be produced as well as require the execution of the Contractor's Nondisclosure Agreement attached hereto as Attachment C. It shall be

5

the responsibility of the Disclosing Party to determine the identity of the Contractors whose potential confidential business information is to be produced and to ensure that Nondisclosure Certifications are made available to those Contractors upon request. The Recipient Contractor agrees to use the Authorized Person Nondisclosure Agreements for the sole purpose of protecting and policing the use of said Contractor's confidential business information. Recipient Contractor shall retain the Authorized Person Nondisclosure Agreements in a segregated and secure location and shall not commingle such documents amoung the parties or other contractors related to this Action. Furthermore, in the event that a Recipient Contractor intends to disclose the Authorized Person Nondisclosure Agreements to an individual within that Contractor's employ, consistent with the terms and conditions of this Stipulation and Protective Order, the Recipient Contractor disclosing the Authorized Person Nondisclosure Certification shall require the individual receiving the document to execute a Contractor's Nondisclosure Certification.

b) In addition, the following **Attachment C** shall be inserted after **Attachment B** at page 28 of the Stipulation and Protective Order **:**

CONTRACTOR'S NONDISCLOSURE CERTIFICATION

The undersigned is the authorized representative of _____, located at _____. [ _____ qualifies for receipt of Attachment B Nondisclosure Certifications pursuant to its listing and stipulation in Attachment A, List of Contractors.]

The undersigned hereby states under penalty of perjury, that he/she has read the Stipulation and Protective Order Protecting Confidential Information entered by the Court on January 22, 2009, in <u>Untied States of America v. Stephen C. Lyon, et al.</u>, No. 1:07-cv-00491- LJO-GSA, understands the terms thereof, and agrees, upon threat of penalty of contempt of court, civil claims by the party whose claim of confidentiality has been breached, and/or criminal penalties under 18 U.S.C. § 1905 or 42 U.S.C. § 9604(e)(7)(B), to be bound by such terms. The undersigned further agrees to submit to the jurisdiction of the Court in connection with any claim that he/she failed to abide by the terms

of the Stipulation and Protective Order.  The undersigned further agrees to keep any Confidential Material obtianed by him/her within his/her exclusive possession, place the material in a secure and segregated location, and agrees not to disclose the material other than to those to whom disclosure is specifically authorized by the Stipulation and Protective Order.  He/she further agrees not to use or disclose the material other than as authorized by the Stipulation and Protective Order.  The undersigned agrees that the pledge of secrecy under this agreement constitues in perpetuity after the above captioned litigation is concluded.

Executed this ____ day of _____, in _____.

_____
[SIGNED]

3) All other provisions of the Stipulation Protective Order discussed herein shall remain in full force and effect; and

4) Any discovery related to EE shall resume as previously scheduled.

*IT IS SO ORDERED.*

Dated: **June 11, 2009**          _____***/s/ Gary S. Austin***_____
                                                    UNITED STATES MAGISTRATE JUDGE